## BENJAMIN SHAW

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. INSTRUCTION—*when evidence is evenly balanced.* Where the evidence is so evenly balanced that the jury might be justified in finding either way, it is important that their deliberations be not influenced by an improper instruction.

2. WITNESS—*credibility of, is for the jury.* It is no part of the duty of the court to instruct the jury in regard to what weight they shall attach to the evidence of any witness, they being the sole judges of the credibility of the witnesses. It is therefore error, when the evidence is conflicting and evenly balanced, to instruct "that it is not always to be expected of a witness," the remembrance of dates of occurrences nearly a year back, and thus attempt to bolster up his testimony.

3. PRACTICE IN SUPREME COURT—*what considered under assignment of error in refusing new trial.* Under the general assignment of error for refusing a new trial, the appellant may urge the rejection of proper, and the admission of improper evidence, the giving of improper and refusing proper instructions, and that the evidence does not sustain the verdict, if the proper exceptions were taken.

APPEAL from the Circuit Court of Clark county; the Hon. O. L. DAVIS, Judge, presiding.

Mr. J. W. WILKIN, and Mr. T. J. GOLDEN, for the appellant.

Mr. S. S. WHITEHEAD, State's Attorney, for the People.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a prosecution instituted by Selecta Willoughby, under the statute, against Benjamin Shaw, for bastardy.

On a trial of the issue in the circuit court, the jury by their verdict found that appellant was the father of the bastard child. The court overruled a motion for a new trial, and rendered judgment on the verdict.

Two grounds are urged by the counsel for appellant to reverse the judgment: first, that the verdict is contrary to the

evidence; second, the court erred in giving the People's instruction No. 4.

As this case will have to go before another jury, we do not deem it proper to prejudice a second trial by a discussion of the evidence.

The testimony was conflicting, and it was the province of the jury to reconcile it, and determine, from all the facts before them bearing upon the issue, whether the appellant was guilty or innocent of the offense charged; and had the law been fairly given to the jury, we would not disturb the judgment, but regard the verdict as final upon the issue involved.

When, however, the evidence is so evenly balanced that the jury might be justified in finding either way, it is highly important that their deliberations should not be influenced by an improper instruction.

The prosecuting witness testified that she was the mother of an illegitimate child, which was born on the 2d day of July, 1874; that appellant was the father of the child; that she had connection with appellant at his house on the morning of September 30th, 1873; that she never had connection with him before that time or since, and that she never had connection with any other person.

The appellant, in his evidence, expressly denied that he at any time had connection with the prosecuting witness; that she was not at his house on the 30th day of September, but left on the last day of the county fair, which was the 19th day of September, and went home, and did not return to his place until the 6th day of October.

The appellant introduced other evidence tending to prove that the prosecuting witness left his house on September 19, and did not return until October 6th; on the other hand, evidence was introduced by the People tending to show that the prosecuting witness was at the house of appellant on the 30th day of September.

The time when and the place where the connection occurred, therefore, became a very important inquiry before the jury, if for no other reason, for the purpose of testing the credibility of

the prosecuting witness and appellant, who were testifying directly opposed to each other upon a vital point in the case. Indeed, the verdict of the jury would necessarily depend upon the degree of credit given to one or the other of these witnesses. Under these circumstances the court, at the request of the People, gave this instruction:

"The jury are instructed that it is not always to be expected of a witness that they can remember dates of occurrences nearly a year ago; the only substantial question of inquiry in this case being, whether Benjamin Shaw is or is not the father of the bastard child."

If one of the witnesses was mistaken as to the date of an important fact in the case, it was no part of the duty of the court to bolster up the evidence by an instruction.

It was no part of the duty of the court to instruct the jury in regard to what weight they should attach to the evidence of any witness. The jury are the sole judges of the credibility of the witnesses, and it is their province to determine for themselves, without prejudice or bias from any source, the weight to be given to the evidence of each and every witness that may testify in the case. Under such circumstances we can not regard the instruction otherwise than highly prejudicial to the rights of appellant. It was liable to mislead upon a question that might prove to be the turning point in the case before the jury.

It is, however, claimed that the court will not, under the general assignment of error that the circuit court erred in overruling a motion for a new trial, review the instructions. The record shows that appellant excepted to the giving of the instructions for the People at the time they were given. When this has been done, and a motion for a new trial entered and overruled, as was held by this court in *Chicago and Rock Island Railroad Co.* v. *The Northern Illinois Coal and Iron Co. of LaSalle,* 36 Ill. 60, under the general assignment of error that the court should have granted a new trial, the appellant may urge the rejection of proper and the admission of

improper evidence, excepted to at the time.    Also, the giving
of improper and the refusal of proper instructions, and that
the evidence does not sustain the verdict. These are all grounds
for a new trial, and need not be specially enumerated, but are
embraced in the general assignment of error that the court
refused to grant a new trial.

The case cited is conclusive of the question, and further dis-
cussion of the point is not regarded necessary.

For the error in giving the fourth instruction for the People
the judgment will be reversed and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE SCHOLFIELD took no part in the decision of this
case.