# The Ottawa, Oswego and Fox River Valley R. R. Co.

## *v.*

## Samuel McMath.

1. New trial—*points for, may be filed during term.* Under section 57 of the Practice act, Rev. Stat. 1874, only one copy of the reasons for a new trial is required, and that is to be filed in the papers of the case, and may be filed during the term final judgment is entered, in which case the mover is entitled to a temporary stay of the judgment, if already entered.

2. Same—*reasons for, need not be preserved in bill of exceptions.* The points in writing, relied on for a new trial, need not be preserved in the bill of exceptions before the appellate court can examine into the weight of the evidence, or consider the propriety of refusing a motion for a new trial. It is sufficient if the bill shows the motion was made and overruled and an exception taken.

3. Same—*giving points in writing.* The better practice is to file the points in writing relied on for a new trial, and preserve them in a bill of exceptions, and the trial court may, on its own motion, require such reasons to be filed, and the opposite party may, by rule, compel this to be done. But if neither the court nor the opposite party requires such points in writing to be filed, it will be regarded as waived.

4. Same—*waiver of points in writing.* Where a motion for a new trial is submitted, without any statement in writing of the grounds therefor, without objection, such statement will be treated as waived, and the want of it can not be urged in the appellate court.

5. Same—*confined to points filed.* If a party files certain points in writing, specifying the grounds of his motion for a new trial, he will be confined in the appellate court to the reasons so specified in the court below, and will be held to have waived all causes for a new trial not thus set forth in his written grounds.

6. Same—*what questions may be considered on error assigned for refusing.* Under the general assignment of error, in refusing to grant a new trial, the plaintiff in error may urge the rejection of proper and the admission of improper evidence, the giving of improper and the refusing of proper instructions, and that the evidence does not sustain the verdict.

7. Appellate Court—*when its judgment may be reversed.* While it is true that the judgment of the Appellate Court is final as to all matters of fact in controversy, yet, when that court refuses to investigate the evidence, and make any finding of the facts, and erroneously determines, as a matter of law, that it has no power to investigate or decide the questions of fact presented

on an assignment of error for refusing a new trial, this court will reverse its judgment, and remand the cause to that court to determine the error assigned.

WRIT OF ERROR to the Appellate Court of the Second District; the Hon. JOSEPH SIBLEY, presiding Justice, and the Hon. EDWIN S. LELAND and Hon. N. J. PILLSBURY, Justices.

This was an action of assumpsit, brought by plaintiff in error, against defendant in error, in the circuit court of LaSalle county. The amount involved exceeded $1000. The declaration contained several counts upon a written contract. To the declaration there were filed the plea of the general issue, and also a plea verified by affidavit, denying the execution of the contract, upon both of which pleas issue was joined and a trial had, resulting in a verdict and judgment in favor of the defendant, from which the plaintiff appealed to the Appellate Court of the Second District.

In the Appellate Court the following errors were assigned upon the record, and none other:

"1. The court erred in admitting improper testimony offered by defendant.

"2. The court erred in admitting improper testimony against the objection of plaintiff.

"3. The court erred in refusing to admit competent evidence offered by plaintiff.

"4. The court erred in overruling the motion of plaintiff for a new trial.

"5. The verdict of the jury is manifestly against the law and the evidence."

The bill of exceptions as contained in the circuit court record purported to contain all the evidence and the instructions given and refused upon the trial, and showed that the plaintiff, upon the trial in the circuit court, introduced evidence tending to prove the issues on its part, and the defendant introduced evidence tending to prove the issues on his part; that upon the rendition of the verdict by the jury, the

plaintiff moved the court to set aside the verdict and grant a new trial, but the court overruled the motion and rendered judgment upon the verdict against the plaintiff, to which ruling of the court, in overruling its motion to set aside the verdict and grant a new trial, and in rendering judgment against it on the verdict, the plaintiff then and there excepted.

There was no statement in the bill of exceptions that the plaintiff had filed in the court below its points in writing particularly specifying the grounds of its motion for a new trial, nor did the record in said cause contain said points in writing, or any statement whatever in regard thereto.

It appeared from the record, however, that the motion for a new trial was made July 17, 1877, and was not overruled, nor was judgment rendered on the verdict until July 28, 1877, and after the court had heard the arguments of counsel thereon.

The Appellate Court examined the record upon the 1st, 2d and 3d assignments of error, and finding no error under those assignments, affirmed the judgment of the circuit court, but declined to investigate or decide the questions raised by the 4th and 5th assignments of error, for the reason that the bill of exceptions did not show that the plaintiff had filed in the circuit court any points in writing particularly specifying the grounds of its motion for a new trial.

The bill of exceptions, however, showed that exceptions were duly taken by the plaintiff to the giving of each and every one of the defendant's instructions, and to the overruling of the motion for a new trial.

Upon the record of the Appellate Court, brought to this court by writ of error, the following errors are assigned:

" 1.   The Appellate Court erred in refusing to decide whether the verdict was contrary to the law and the evidence.

" 2.   The Appellate Court erred in refusing to decide the questions raised by the 4th and 5th assignments of error.

" 3.   The Appellate Court erred in refusing to decide whether the circuit court erred in giving instructions on the part of the defendant.

"4. The Appellate Court erred in refusing to decide whether there were any other errors upon the record of the circuit court for which said circuit court should have granted a new trial."

Mr. Edwin S. Lewis, and Mr. H. T. Gilbert, for the plaintiff in error.

Mr. D. P. Jones, for the defendant in error.

Mr. Justice Baker delivered the opinion of the Court:

It appears from the certified statement of facts from the Appellate Court, that court affirmed the judgment of the circuit court in this case, but declined to investigate or decide the questions raised by the 4th and 5th assignments of error as assigned in said Appellate Court, for the reason the bill of exceptions did not show the plaintiff had filed, in the circuit court, any points in writing particularly specifying the grounds of its motion for a new trial. Said assignments of error were that the circuit court erred in overruling the motion of plaintiff for a new trial, and that the verdict of the jury was manifestly against the law and the evidence.

Section 24 of chapter 83, Rev. Stat. 1845, provided: "If either party may wish to except to the verdict, or, for other causes, to move for a new trial, he shall, before final judgment be entered, give, by himself or counsel, to the opposite party or his counsel, the points in writing, particularly specifying the grounds of such motion, and shall also furnish the judge with a copy of the same, and final judgment shall thereupon be stayed until such motion can be heard by the court."

In none of the cases which arose while said section 24 was in force was the question directly raised in this court, whether we would examine as to the verdict of the jury being against the law and the evidence, where the bill of exceptions failed to show the points in writing specifying the grounds of the motion had been furnished the opposite party or counsel and

the judge. In all such cases it seems to have been assumed, both by the court and by counsel, that the points in writing, if not furnished or called for in the court below, were waived. It was uniformly held, however, that if the bill of exceptions did not show a motion for a new trial had been made and overruled, and an exception taken, the court would not investigate whether the evidence sustained the verdict.

In *Boyle* v. *Levings*, 28 Ill. 316, it was said: "We can not examine the decision of the court overruling the motion for a new trial, for the reason that it is not shown in the bill of exceptions. The clerk states in the record that the defendant excepted to the overruling of the motion for a new trial; but that does not make it a part of the record. It could only be made so by a bill of exceptions. The law requires the certificate of the judge, and not of the clerk, to that fact."

In *Gill* v. *The People*, 42 Ill. 323, it was said: "There is, indeed, an entry by the clerk, showing a motion for a new trial was made and overruled, but this motion, and the action of the court upon it, should have been preserved in a bill of exceptions in order to be reviewed in this court." And in the same case it was further said: "This record, then, furnishes us no evidence, of which we can take notice, that a motion for a new trial was made."

The statute required, not that a copy of the motion itself should be given to the judge and opposite counsel, but "the points in writing particularly specifying the grounds of *such* motion," and these cases, and many others that might be cited, plainly intimate that if it had been shown by the bill of exceptions a motion for a new trial had been made and overruled and an exception taken, then this court would have examined whether the verdict was sustained by the evidence.

The section of the statute referred to was amended in the Practice act of 1872, and is now found as section 57 of chapter 110, Rev. Stat. 1874, and provides: "If either party may wish to except to the verdict, or, for other causes, to move for a new trial, he shall, before final judgment be entered, or

during the term it is entered, by himself or counsel, file the points in writing, particularly specifying the grounds of such motion, and final judgment shall thereupon be stayed until such motion can be heard by the court."

Under this amended statute only one copy of the reasons for a new trial is required, and that is to be filed with the papers, so that both court and counsel may have access to it. One copy on file accomplishes all and more than was accomplished by the two copies required before the amendment, as no provision was made by the former statute for either the filing or retention, by the mover, of a copy of the points. The only other change made by the amendment is the provision that the points in writing may be filed during the term the final judgment is entered, and this change was undoubtedly made for the reason this court had held the motion for a new trial might be made at any time during the term, notwithstanding final judgment had previously been rendered by the court. It was intended the maker of the motion should, in either event, on filing his grounds in writing for the motion, have a temporary stay of the final judgment.

We see nothing in these amendments that would necessarily change, or show a legislative intention to change, the rule of practice theretofore established, or that would require the points in writing should be preserved in the bill of exceptions before the Appellate Court could examine as to the weight of evidence, or consider the matter of the overruling in the court below of the motion for a new trial.

The decisions of this court since the amendment of the statute fail to recognize any such change in the practice. In *Reichwald* v. *Gaylord*, 73 Ill. 503, we said: "In regard to the second point made, that the verdict is not sustained by the evidence, the bill of exceptions contained in the record does not show that a motion was made for a new trial, or that the court ever passed upon or overruled a motion of that character. Even if it were true that the evidence was not sufficient to authorize the judgment, we would not disturb it, unless a motion

had been made for a new trial, overruled by the court, and exception taken, and this preserved by a bill of exceptions." Here was a clear intimation that if it had appeared from the bill of exceptions a motion for a new trial had been made and overruled in the court below and an exception taken, then this court would have examined as to whether the verdict was sustained by the evidence. Numerous other cases are to the same effect. In none of them was the point now made distinctly raised and presented for adjudication. But the court has time and again, both under the present and prior statutes, impliedly held it would pass upon the evidence and the action of the lower court in overruling the motion for a new trial, regardless whether it appeared from the bill of exceptions that the points in writing were filed, or given to court and counsel, or not.

The rules of practice are frequently of small moment in and of themselves, and may indifferently be the one way or the other, and the object of all legal proceedings, the furtherance of justice, be equally attainable. But when it is considered that while the great end aimed at is justice, yet that such end can only be reached through the courts in the way pointed out by the law and according to the practice of the courts, it is readily perceived these rules of practice, unimportant as they may be in the one aspect, are often of paramount importance in the effect they have upon the substantial rights of the citizen. Even an objectionable rule of practice, which has been recognized by the courts and is known to and followed by the profession, is better than an uncertain rule or even a much better rule enunciated unnecessarily, and so as to injuriously affect the rights and property of parties litigant who have relied upon prior adjudications and practice.

There is nothing in said section 57 requiring us to hold that the radical change contended for is demanded by its phraseology. We may readily admit the correct and better practice is to file the points in writing and preserve them in the bill of exceptions. Such, also, was the correct and better practice under the statute of 1845; and such would be the better prac-

tice were there no statute on the subject.    There can be no
doubt the trial court may, under the statute, of its own motion
require to be filed the points in writing giving the grounds
for which a new trial is asked.    And the opposite party may
by rule compel the same thing to be done.    The opposite party
is most largely interested in having these causes for a new
trial on file, but no good reason is perceived why he may not,
the court not objecting, waive them.    The analogies of the
law all force us to the conclusion these written points may be
waived, and to the further conclusion that when the motion for
a new trial is submitted for decision without any statement in
writing of the grounds therefor, and that too without objection,
then they are to be considered as waived.    This court has
repeatedly held, where parties have gone into the hearing of a
chancery cause without a replication, it was waived, and the
objection could not be heard for the first time in this court, and
we have applied the same rule where law cases have been tried
without issues being formed on pleas or replications.    And
other instances where the same principle has been held ap-
plicable have frequently occurred.

It appears, from the record, the motion for a new trial was
made July 17, 1877, and was not overruled until the 28th day
of that month, and then only after the court had heard argu-
ments of counsel thereon.    Neither the court nor the defendant
called on the plaintiff for the points in writing on which he
based his motion, and defendant must be held to have waived
them; it would be unjust and unfair to permit him, when he
could have had the written reasons for the motion before the
argument by asking for them, to quietly lie by and argue the
motion without them and submit it to the decision of the court,
and then object for the first time in the Appellate Court.    He
should not thus be permitted to trifle with the rights of his
opponent.

If plaintiff in error had filed certain points in writing par-
ticularly specifying the grounds of his motion, then he would,
of course, be confined in the Appellate Court to the reasons

specified in the court below, and would be held to have waived all causes for a new trial not set forth in his written grounds. The same rule and principle that preserves his rights in the now case, would, in the case we have suggested, protect the rights of his opponent and hold plaintiff to have waived all reasons for a new trial not enumerated.

*Emory* v. *Addis*, 71 Ill. 277, and *Jones* v. *Jones*, id. 562, cited by defendant in error, are cases of this latter character, and not only are not inconsistent with what we now hold, but are based upon the selfsame principle. In the latter case it was assigned for error the damages were excessive, and this court said, "the court below had the right to suppose that appellant acquiesced in the amount of the finding, but relied on the grounds specified, alone, for a new trial." In the former case we said "it is not assigned for error, nor as a ground for a new trial in the motion made in the court below, that the damages are excessive, and the appellant is, therefore, in no position to have that question reviewed in this court." As the questions whether the verdict was contrary to the law and against the evidence, and whether the court erred in overruling the motion for a new trial, are fully discussed in the opinion of the court, it is evident that some reasons for a new trial were filed in the court below.

The question is raised by the assignment of errors, in this court, as to what questions were raised under the assignment in the Appellate Court of the general error that the circuit court erred in overruling the motion for a new trial. In the case of *Chicago, Rock Island and Pacific Railroad Co.* v. *Northern Illinois Coal and Iron Co.* 36 Ill. 60, it was said, "under the general assignment of error that the court should have granted a new trial, the plaintiff in error may urge the rejection of proper and the admission of improper evidence. Also the giving of improper and the refusal of proper instructions, and that the evidence does not sustain the verdict. These are all grounds for granting a new trial, and need not be specifically stated, but are embraced in the general assign-

ment of error that the court refused to grant a new trial."
The rule is stated to the same effect and in very similar language in *Shaw* v. *The People*, 81 Ill. 150, and in that case the
judgment was reversed under the general assignment of error
that the circuit court erred in overruling the motion for a new
trial for the sole and only reason that an improper instruction
had been given to the jury, and to the giving of which an exception had been taken.

The case of *Indianapolis, Bloomington and Western Railway Co.* v. *Rhodes*, 76 Ill. 286, seems to announce a different
rule so far as instructions are concerned, but the judgment
was reversed on other grounds, and what is there said on the
subject of instructions was wholly disconnected with the point
on which the decision therein was based, and was unnecessarily said, and is inconsistent with both earlier and later decisions of the court.

It is urged, this court has no power to reverse the judgment
of the Appellate Court for the reason that court refused to investigate and determine the question whether the verdict was
contrary to the law and the evidence.   It is true the judgment
of the Appellate Court is final and conclusive as to all matters
of fact in controversy in this cause, yet that court expressly
refused to investigate the evidence and make any findings of
the facts, but determined, as matter of law, that it had no power
to investigate or decide the questions of fact.   Section 89 of
the Practice act expressly provides, the Supreme Court shall
re-examine cases brought to it from the Appellate Courts by
appeal or writ of error, as to questions of law.   We, therefore,
see no force in the objection.

For the errors indicated in this opinion the judgment of the
Appellate Court is reversed, and the cause remanded to that
tribunal with directions to examine the record in the cause
and decide whether there are any errors therein, under either
the 4th or 5th assignments of errors as heretofore assigned in
said Appellate Court, for which the circuit court of La Salle
county should have granted a new trial, and, if there be such

8—91 Ill.

errors, to reverse the judgment of said circuit court and remand the cause, with directions to award a *venire facias de novo.*

*Judgment reversed.*