## Illinois Central Railroad Company v. Wm. H. Sanders.

66 439
166s 270
66 439
76 597
66 439
106 4314

1. INSTRUCTIONS—*Statements of the Elements of the Plaintiff's Case, When Unnecessary.*—An instruction in an action for personal injuries which relates merely to the measure of damages, is not erroneous because it does not contain a statement of the elements of the plaintiff's case.

2. SAME—*Abstract Propositions of Law.*—It is not error to refuse to give an instruction which contains merely an abstract proposition of law.

3. SAME—*When Evidence Conflicting.*—Where the evidence is conflicting, special care should be exercised in instructing the jury.

4. APPELLATE COURT PRACTICE—*What Errors Can Not be Assigned.*—Where the error relied upon relates to the giving of instructions by the trial court, it can not be considered by the Appellate Court, unless it is stated as a ground for a new trial in the court below.

**Action for Personal Injuries.**—Appeal from the Circuit Court of Marion County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the February term, 1896. Affirmed. Opinion filed September 5, 1896.

WILLIAM H. GREEN, attorney for appellant; JAMES FEN-
TRESS, General Solicitor of I. C. R. R. Co., of counsel.

SAMUEL L. DWIGHT and FRANK F. NOLEMAN, attorneys for
appellee.

The law does not require of a brakeman that he should
absolutely know all of the defects of construction, and all
the obstructions that there may be along the line of the
railroad, and that he should neglect the performance of his
duties as a brakeman to be on the constant lookout for such
obstructions and defects which may be dangerous. C. &
A. R. R. Co. v. Johnson, 116 Ill. 206; Louisville, N. A. &
C. R. Co. v. Wood (Ind.), 14 N. E. Rep. 584.

The master is bound to use reasonable care in providing
safe machinery, appliances, surroundings, etc., and the serv-
ant, in the absence of notice that the machinery, surround-
ings, etc., are unsafe or defective, has a right to rely upon
the discharge by the master of his duty in respect to these
things. Penn. Coal Co. v. Kelly, 54 Ill. App. 626; Wharton
on Neg., Sec. 211; Toledo, W. & W. Ry. Co. v. Fredericks,
71 Ill. 294; St. L., A. & T. R. R. Co. v. Holman, 155 Ill. 21;
Chicago, B. & Q. R. R. Co. v. Gregory, 58 Ill. 272; Chicago
B. & Q. R. R. Co. v. Avery, 109 Ill. 314.

A servant is justified in relying in some degree on the
prudence and caution of the master, who will be presumed
to put into his hands only safe appliances, and the master
will be responsible for the consequences of a defect which
he knew but the servant did not. Bishop, Non-Contract
Law, 678; Shear. & Redfield on Negligence, Sec. 31; 14 Am.
and Eng. Ency. Law, 854, 855.

It is the duty of railroad companies to keep their road
and works and all portions of the track in such repair and
so watched and tended as to insure the safety of all who
may lawfully be upon them, whether passengers, servants
or others. They are bound to furnish a safe road and suffi-
cient and safe machinery and cars. Chicago & N. W. R.
R. Co. v. Swett, 45 Ill. 197; Cooley on Torts, 2d Ed. 648.

A man whose attention is constantly directed to moving

cars and their coupling and uncoupling, can not possibly give much attention to the ties, switch bars, etc., over which he may from time to time have to pass. Chicago & E. I. R. R. Co. v. Hines, 132 Ill. 161.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

When this case was before us in 1894 we said that the evidence was conflicting as to whether or not appellant was guilty of negligence, and also as to whether or not appellee was in the exercise of ordinary care when he was injured. 58 Ill. App. 117. The evidence contained in the present record is not materially different from that contained in the former record. We think now, as we thought then, that the case is a close one in every particular, requiring the exercise of special care in instructing the jury. But we are also of the opinion that the judgment should not be reversed on the ground that it is manifestly against the weight of the evidence.

The court gave but one instruction at the request of appellee, and that instruction is as follows: " The court instructs the jury that if you believe from the evidence that the defendant is guilty of the negligence charged in the declaration, and that the plaintiff was injured as in the declaration alleged, then you should find for the plaintiff. And in determining the amount of plaintiff's damages, if any has been shown by the evidence, you may take into consideration, as shown by the evidence, his age and earning ability, the character, extent and permanency of his disabilities, the pain and loss of time, if any, he has suffered, his personal disfigurement, and all other facts and circumstances as shown by the evidence as to the nature and extent of the plaintiff's injuries, and render a verdict for him in such an amount as you may believe from the evidence will compensate him for his said injuries."

The criticism of this instruction is that it omits the element of ordinary care on the part of appellee. Counsel for appellant convert the instruction into two instructions, by

placing a period at the end of the clause, " then you should find for the plaintiff." But this division of the instruction is unjustifiable. The same instruction, or one essentially like it, has been repeatedly approved by the Supreme Court, on the theory that it relates to the measure of damages and need not contain a statement of the elements of the plaintiff's case. C., B. & Q. R. R. Co. v. Payne, 59 Ill. 534; C. M. & St. P. Ry. Co. v. Dowd, 115 Id. 659; Pennsylvania Co. v. Marshall, 119 Id. 399.

Besides, appellant set forth its reasons for a new trial specifically and in writing, alleging that the court erred in not giving a certain instruction presented by appellant, but nowhere asserting that the court erred in giving appellee's instruction. In such case the alleged error is waived. O., O. & F. R. V. R. R. Co. v. McMath, 91 Ill. 104; Consolidated Coal Co. of St. Louis v. Schaefer, 135 Id. 210; Hintz v. Graupner, 138 Id. 158. The case of I. C. R. R. Co. v. O'Keefe, 154 Ill. 508, is not in conflict with the other authorities, for the reason that there was no motion for a new trial at all in the O'Keefe case, and the waiver arises only where the reasons for a new trial are specified, and the alleged error in the instructions is not included within the specification.

The court properly refused to instruct the jury to find in favor of appellant.

The refusal of the court to give appellant's seventh instruction was not error. The instruction was an abstract proposition of law and was calculated to mislead the jury. It might be appellant's duty to make and maintain cattle-guards as an abstract proposition; and yet it might be negligence to make or maintain this cattle-guard at this place under the particular circumstances of this case.

We have found no prejudicial error in the record. The judgment is affirmed.