## Henry D. Gilbert and William Stevenson v. Frank Schilz.

1. PRACTICE—*New Trials—Waiver.*—If either party wishes to move for a new trial, he must file his points in writing (R. S., Ch. 110, Sec. 57), and if the opposite party fails to call for such points in writing he will be held to have waived them.

2. NEW TRIALS—*Appellate Court Practice.*—Where a party applying for a new trial files his points in writing, he will be confined, in the Appellate Court, to the reasons specified in his motion, and will be held to have waived all causes for a new trial not set forth.

3. APPELLATE COURT PRACTICE — *Insufficient Abstracts.* — Unless errors appear in the abstract there can be no reversal.

Assumpsit, on a promissory note. Trial in the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Finding and judgment for plaintiff; appeal by defendant. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed May 26, 1899.

FRANKLIN L. CHASE and LEVI A. ELIEL, attorneys for appellants.

MORSE, IVES & TONE, attorneys for appellee.

MR. JUSTICE HORTON delivered the opinion of the court.

A judgment was entered in this case upon a promissory note made by appellants and payable to the order of appellee. This appeal is prosecuted to reverse that judgment. The statute requires that if either party wishes to move for a new trial he must file the points therefor in writing. (R. S., Ch. 110, Sec. 57.) If the opposite party fail to call for such points in writing he will be held to have waived them. But if a party file his points in writing he will be confined, in this court, to the reasons specified therein, and will be held to have waived all causes for a new trial not set forth in his written grounds. O. O. & F. R. V. R. R. Co. v. McMath, 91 Ill. 104, 111.

There is no abstract of a motion for a new trial. In one place we read in the printed abstract these words: " Mo-

tion for new trial made and overruled," and in another place these: "Motion for new trial and reasons in writing therefor." What the points or reasons assigned are, if any, for new trial, is nowhere shown in the abstract. Neither does it thus appear that there was any exception to the ruling of the court upon such a motion. It may be, so far as said abstract shows, that no point made in the assignment of errors was made in the motion for a new trial. Unless errors appear in the abstract there can be no reversal. We need not here repeat what is said in Amundson Printing Co. v. Empire Paper Co. (No. 7836, in this court), but refer to the opinion in that case and to cases there cited.

While, as there stated, this is not a satisfactory mode of disposing of a case, yet from what we can learn from said abstract, and upon the briefs in the case, we do not feel that any injustice is here being done.

The judgment of the Circuit Court is affirmed.