## Tri-City Railway Co. v. John Weaver.

1. INSTRUCTIONS—*Due Care of Plaintiff and Negligence of Defendant.*—An instruction to the jury that if they believe from the evidence that at the time of the alleged injury the driver of plaintiff's team was in the exercise of ordinary care for his own safety and that of his master's property, and that the motorman in charge of defendant's car was then and there guilty of negligence, and that by reason of such negligence plaintiff's property was injured and plaintiff thereby damaged, they should find the issues for the plaintiff, is proper, as under it, the jury was only permitted to find the defendant guilty of such negligence as was established by the evidence.

2. PRACTICE—*Waiver of Objections Not Contained in a Motion for a New Trial.*—Where a ruling of the trial court is not objected to in the motion for a new trial, it is waived.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Rock Island County; the Hon. WILLIAM H. GEST, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed January 27, 1903.

JACKSON, HURST & STAFFORD, attorneys for appellant.

W. C. ALLEN and PETER R. INGLESON, attorneys for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

On the evening of February 6, 1900, one of appellant's street cars struck a team and wagon belonging to appellee, in charge of a man in his employ, upon the car tracks in the city of Moline. As a result of the collision the wagon and harness were broken and one horse so badly injured that it shortly afterward had to be killed. Weaver brought suit before a justice of the peace to recover damages for the injuries sustained by him and the case was afterward appealed to the Circuit Court, where there was a verdict and judgment in his favor for $50, from which the street railway company appeals.

Appellee claimed that the street car which struck his wagon was running at a rate of speed forbidden by the ordinance of the city and faster than was consistent with public safety at the crossing of a crowded thoroughfare,

Tri-City Ry. Co. v. Weaver.

that the gong was not rung to give a signal of the approaching car and that appellant was negligent in having piled snow on the north side of the track, from which side the driver of the team approached, so that the driver could not pass along on that side, but was required to drive across the car tracks to the south side of the street.

Appellant claimed that the driver of the wagon was intoxicated and negligent at the time of the collision. These were all questions of fact to be settled by the jury and, as there is an abundance of evidence in the record to support the verdict, we are not authorized to disturb it.

The court gave but one instruction for appellee. This instruction told the jury if they believed from the evidence that at the time of the alleged injury the driver of plaintiff's team was in the exercise of ordinary care for his own safety and that of his master's property, and that the motorman in charge of the defendant's car was then and there guilty of negligence, and that by reason of such negligence plaintiff's property was injured and plaintiff thereby damaged, they should find the issues for the plaintiff.

It is urged by appellant that this instruction was erroneous for the reason that it permitted the jury to find the defendant guilty of negligence, whether it was proved or not. The suit having been begun before a justice, there were no written pleadings, and the plaintiff was entitled to recover for any negligence which the proof established.

We are of opinion that under this instruction the jury was only permitted to find the defendant guilty of such negligence as was established by the evidence and that no other reasonable construction can be given it. The instruction is therefore not subject to the objection made by appellant.

It is assigned for error that the court refused to give two of appellant's instructions as asked, but modified them and then gave them to the jury as modified. The defendant, however, filed a written motion for a new trial and the fact of the refusal and modification of defendant's instructions was not embodied in such motion. That ground for rever-

sal was therefore waived. Matthews v. Granger, 196 Ill. 164; Consolidated Coal Co. v. Schaefer, 135 Ill. 210; O. O. & F. R. V. R. R. Co. v. McMath, 91 Ill. 104; I. C. R. R. Co. v. Sanders, 66 Ill. App. 439.

The judgment of the court below will be affirmed.