## Charles A. Brillow v. Albert Oziemkowski.

### Gen. No. 10,911.

1. MOTION FOR NEW TRIAL—*when points in support of, are waived.*
Where a written motion specifying the grounds for a new trial has been
filed which omits to specify a particular ground, such omitted ground
is waived and cannot be assigned as error upon appeal, notwithstanding
a general specification contained in such motion.

2. COMMISSIONS FOR PROCURING LOAN—*when, deemed earned.* Com-
missions for procuring a loan upon real estate are earned when the
broker finds a person ready to make the same.

Action of assumpsit.  Appeal from the County Court of Cook County;
the Hon. RICHARD S. FARRAND, Judge, presiding  Heard in the Branch
Appellate Court at the October term, 1902.  Affirmed upon remittitur.
Opinion filed February 13, 1904.  Rehearing denied March 1, 1904.

**Statement by the Court.**  Joseph Oziemkowski was the
owner of a house and lot in Chicago, the title to which was
from January 2, 1896, to July 29, 1897, in Bartkowiak and
thereafter in appellee, a son of the owner.  The property
was incumbered for $3,500, due June 15, 1897, and the mort-
gage was held or controlled by H. O. Stone & Co.  Some
time in the summer of 1897, Joseph Oziemkowski applied
to appellant for a loan of $3,500 upon said property to take
up the Stone mortgage.  An application in writing was
made to appellant for a loan of $3,500 on said property, to
which Joseph Oziemkowski signed his own name and also
that of appellee.  Appellant testified that some time after
this application was made he told Joseph that if he made
the loan he would charge him four per cent., as there was
more work than he thought there would be, and that after
some talk he and Joseph compromised on three and a half
per cent.  He further testified that Joseph made a second
application for a loan; that the second application was lost.
There is no evidence of the contents of the second applica-
tion nor any evidence that the name of appellee was signed
thereto.

The abstract of the title to the property was delivered to
appellant, who had the same continued to November 13,

1897. This continuation showed two judgments, one for
$1.112.75, the other for $500, rendered against Bartkowiak
while the title to the property was in him, which were liens
on the property. November 24, 1897, appellant wrote as
follows:

"CHICAGO, Nov. 24, 1897.

JOSEPH OZIEMKOWSKI, ESQ.:

DEAR SIR:—Your loan of $3,500 has been accepted and
the papers will be ready for signature on Friday next, and.
I would like to have you call with Albert and his wife at
my office; bring with you the necessary money for com-
missions and interest due H. O. Stone & Co.

Yours truly,

CHAS. A. BRILLOW."

In compliance with this request the Oziemkowskis went
to appellant's office and there Albert executed a trust deed
and notes for said proposed loan, and Joseph paid Langtry
$180, for which sum Langtry gave him a receipt reciting
the receipt from Albert of $180—$105 in full of commissions
on loan of $3,500, "and $75 to be paid to H. O. Stone & Co.
for interest due December 15, 1897, when loan is closed."
Appellant caused the trust deed of Albert to be recorded
and then told the Oziemkowskis that because of said judg-
ments against Bartkowiak he could not make the loan.
Appellee then sued appellant for the money so paid to him
and had judgment for $144.75, and the defendant appealed
to this court.

WILLIAM SCHULZE, for appellant; HARRISON D. PAUL, of
counsel.

JULIUS F. SMIETANKA, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

Appellant filed in the County Court a motion in writing
for a new trial, specifying the grounds therefor, which did
not state or include as a ground for new trial that the
court refused to give instructions asked for by appellant.

In this court he assigns for error the refusal of the trial
court to give certain instructions. By filing his points in

writing in support of his motion for a new trial and omitting therefrom the point that the court erred in refusing to give instructions requested by him, he waived his right to assign for error here the refusal of the court to give such instructions, and the general statement in his motion "because of other good and sufficient grounds," will not supply the omission.   West Chicago St. R. R. Co. v. Kruger, 168 Ill. 586;  Tri-City R. W. Co. v. Weaver, 106 Ill. App. 312.

Appellant further contends that the $180 paid on December 1, was not the money of appellee, but was the money of his father, and that therefore appellee was not entitled to sue for, or recover it.   The receipt given at the time the money was paid recites that the money was received from Albert Oziemkowski; both he and his father testified that the money so paid was the money of Albert and the jury by their verdict found that it was the money of Albert and we cannot say that such finding is against the evidence.

Appellant further contends that if the money was the money of Albert, still he had the right to take therefrom not only his commission for said loan but also his charges and expenses connected therewith, and that therefore the verdict is against the evidence or at least that the damages are excessive.   The contention of appellee is, that the evidence shows that when appellant wrote Joseph Oziemkowski on November 24, that his loan of $3,500 had been accepted, he knew of the existence of the judgment against Bartkowiak, and the Oziemkowskis did not; that by concealing from appellee such knowledge and the fact that by reason of the judgment appellant would not make the loan, appellant induced appellee to pay to him $105 for commissions on the loan and $75 for interest on the old mortgage to Stone & Co. and in so doing, perpetrated upon appellee a fraud.   We cannot agree with this contention.   As between appellant and Joseph Oziemkowski, appellant's commissions were earned when he found a person ready to loan $3,500 upon the property.   Tellard v. Brinkerhoff, 45 Ill. App. 580, S. C., 163 Ill. 441.   And this must be held to

mean upon a mortgage or trust deed which should be a first lien on the property.

Brillow's testimony that he obtained from Gilbert $3,500 to loan on the property, is not disputed. He had therefore earned his commissions. Appellee paid the $105 to pay the commissions so earned and this money in our opinion appellant is entitled to retain. The $75 was paid by appellee to be paid to Stone & Co. for interest on the old mortgage "when the loan is closed." The loan was never "closed" and when appellant declined to close the loan because of the judgments, he should have returned the $75 to appellee. He had no right to take anything but his commissions from the money of appellee. All that appellee was entitled to recover was the sum of $75, and interest thereon from December 1, 1897, to the date of the judgment March 14, 1902, $91.30. The judgment was for $144.30, $53 more than appellee was entitled to recover, and to that extent the damages awarded to appellee were excessive.

If within ten days appellee shall remit from the judgment the sum of $53, the judgment will be affirmed at the costs of appellant, otherwise the judgment will be reversed and the cause remanded.

Affirmed upon remittitur, otherwise reversed and remanded.

Remittitur filed and cause affirmed February 17, 1904.

*Affirmed.*