### William H. Merritt, et al. v. Adrien LeClair.

#### Gen. No. 11,523.

1. MOTION FOR NEW TRIAL—*when need not be written.* A written motion for a new trial, specifying the points relied upon, need not be filed unless required by the court or the inducing action of the opposing party.

2. MOTION FOR NEW TRIAL—*what may be relied upon when not written.* No points are waived by a failure to file a written motion for a new trial specifying the points relied upon; and, where the unsuccessful party is not required by the court or by the action of the opposing party to make his motion in writing, his position is such that all grounds which might be specified can be relied upon and urged without specification, as ground for a new trial.

Action of assumpsit. Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Reversed and remanded. Opinion filed March 7, 1905.

**Statement by the Court.** This is an appeal by the defendants from a judgment for $2,401.28 recovered against them by appellee in an action of assumpsit. A certain company contracted with defendants to build for them an elevator for $120,000. In July, 1899, plaintiff made a verbal contract with said company to do the sheet iron covering and piping on said elevator for $5,233. That plaintiff did all the work required by his contract and in addition thereto did extra work on the elevator to the amount of $1,516.78, making an aggregate of $6,447.78, is not disputed,

nor is it denied that he has been paid $4,346.50.    The difference between these two sums is $2,401.28, the amount of plaintiff's recovery.

The jury found a general verdict for the plaintiff for $2,401.28 and also returned the following special findings in answer to interrogatories submitted at the request of the defendants:

"Was the Western Engineering & Construction Company (the contracting company), or any person other than the defendants, ever liable to the plaintiff for such labor and material?    A.    No.

"If yes, who was it?    (Answer) Nobody other than the defendants.

"Was the Western Engineering & Construction Company, at the time of the alleged agreement between the plaintiff and defendants, doing work on the grain elevators mentioned in such alleged agreement under a contract with the defendants for the entire construction of such grain elevators?    (Answer) No."

The defendants moved for a new trial but did not file any points in writing particularly specifying the grounds of such motion.    Their motion was denied and an exception taken.    The bill of exceptions contains the following statement:  "The jury having brought in a verdict for the plaintiff, the defendants made a motion for a new trial, urging that the verdict of the jury was against the weight of the evidence in refusing to give to the jury the special interrogatories asked by the defendants."

BROWNING & SHEPARD, for appellants.

JOHN G. HENDERSON and WILLIAM F. THOMAS, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

The appellants upon this record are entitled to question the special findings as well as the general verdict.    In O., O. and F. R. V. R. R. Co. v. McMath, 91 Ill. 104, as in this

case, the motion for a new trial was oral and no statement in writing of the grounds of the motion was filed, and it was held that the court could, of its own motion, require such statement to be filed or the opposite party could compel the moving party to file such statement, but if, without objection, the motion was heard without it, then such statement is considered waived. Where points in writing for a new trial are filed all grounds for a new trial not set forth in such written points are held to have been waived. The Practice Act, sec. 56, provides that "if either party may wish to except to the verdict, or for other causes, to move for a new trial or in arrest of judgment he shall * * * file the points in writing, particularly specifying the grounds for such motion." The motion provided for by the statute is a motion for a new trial, not a motion to set aside the verdict, and the motion of the defendants in this case was a motion for a new trial. Under that motion and as a ground therefor they could have specified that the verdict was against the evidence, that the special findings were against the evidence, or any other cause or ground for a new trial. If points in writing had been filed by the defendants stating only that the verdict was against the evidence the defendants could not here question the special findings. But the plaintiff waived points in writing, and under their exceptions to the order overruling the motion for a new trial, the defendants may here urge any objection to the general verdict or to the special finding which they could urge if properly specified in points in writing filed in the Circuit Court. The Circuit Court had the power to require the defendants to file points in writing for their motion for a new trial. If such points had been filed the law would confine the appellants here to the grounds for a new trial stated in such points in writing. But the Circuit Court cannot in a case where an oral motion for a new trial is heard and overruled limit, by a recital in the bill of exceptions, the objections which the appellants can here urge, under the assignment that that court erred in overruling the motion for a new trial.

The contention of the plaintiff was that the company in January, 1900, quit work under the contract with the defendants; that the defendants then told the plaintiff to go on and complete his contract with the company and they would pay him; that January 31, 1900, it was agreed that the balance due him from the company for work done under his contract to that date was $2,500; that the company gave him an order on the defendant for that sum, which was paid; that the work done after that time by plaintiff was done for the defendants and that the amount of such work less the payment made was $2,401.28. The only evidence tending to support this contention was the testimony of the plaintiff. That testimony was contradicted by the testimony of the defendants. The evidence further shows that after the work was done plaintiff filed in the office of the clerk of the Circuit Court a claim for a sub-contractor's lien on the elevator, in which he stated, on oath, that the work was done for said Construction Company, and that the $2,401.28 was due him from said company; that afterwards he served upon the defendants a sub-contractor's lien notice in which he again stated that there was due him for said work from the Construction Company $2,401.28; that he afterwards made a formal assignment of his lien to a certain company which filed a bill to enforce the same which was dismissed; that all the bills or statements of account showing the amount of work done, after, as well as before January, 1900, were made out to the Construction Company and show that company to be the debtor to the plaintiff therefor with the exception of one bill for $110, and that the three payments of $350, $250 and $200 made by defendants to plaintiff, after January, 1900, was each made on the order of the Construction Company, on the defendants, in favor of the plaintiff. The only work which the defendants, according to their testimony, ever ordered plaintiff to do for them, or for which they promised to pay him was to build a fire escape for $110. The charge for this work was not made by the plaintiff against the Construction Company but against the defendants as "Merritt's own bill $110," and it was paid by the defendants.

All these facts and circumstances tend to corroborate the testimony of the defendants and to contradict the testimony of the plaintiff and when considered with the testimony of the defendants lead us to the conclusion that the verdict was so manifestly against the evidence that the Circuit Court erred in overruling the motion of the defendants for a new trial and the judgment will therefore be reversed and the cause remanded.

*Reversed and remanded.*