## Max Koehler, et al., v. John J. King, Sheriff, etc., for use, etc.

1. PERSONAL PROPERTY—*effect of possession of.* One rightfully in the possession of personal property through a transaction untainted by fraud, may successfully assert his claim under either a bill of sale or an unrecorded chattel mortgage.

2. ERROR—*when deemed waived.* An error not relied on in the motion for a new trial will be deemed on appeal to have been waived.

3. DAMAGES—*when failure to claim, at the conclusion of a declaration, cannot be taken advantage of.* It is too late after verdict to take advantage of an omission to claim specific sum in damages at the conclusion of the declaration.

4. VERDICT—*when amendment of, by court, proper.* The court in an action of debt may amend the verdict by inserting therein, at the proper place, "We find the debt to be $2,000."

5. SHERIFF—*when need not bring two suits on replevin bond.* Where a replevin bond is given to the sheriff to indemnify him, among other things, from claims which may be made against him by two separate parties, he is not required to bring two actions upon such bond but may institute a single action for the use of both of such parties.

Action of debt. Appeal from the Circuit Court of Perry County; the Hon. ROBERT D. W. HOLDER, Judge, presiding. Heard in this court at the August term, 1904. Affirmed. Opinion filed March 17, 1905.

B. W. POPE and R. W. S. WHEATLEY, for appellants.

W. H. HART and I. R. SPILMAN, for appellee.

Koehler v. King.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

· This was an action of debt on a replevin bond. The proofs in the case show the following state of facts:

Valentine Pflanz was the owner of a butcher shop and an ice plant in the city of Du Quoin, Illinois. The butcher shop was in charge of John Romeiss, who worked on a salary, and the ice plant was operated by Jacob Naumer, who had entered into some arrangement of partnership with Pflanz. On July 11, 1900, Pflanz was indebted to each of these persons, the several demands amounting in all to some $600 or $700, and was also indebted to several other parties. One of the other creditors, The Masonic Temple Association, had reduced its debt to judgment, and caused execution to be issued and a levy thereunder to be made on the butcher shop fixtures, some horses, wagons and other property belonging to Pflanz. Part of this property was in the butcher shop in charge of Romeiss and the remainder in the possession of Naumer at the ice plant. The constable, after making his levy, left the property with these parties. In order to avoid a sale of the property, which was about to be made under the execution, an agreement was entered into on the date last mentioned between Romeiss, Naumer and Pflanz, by which Romeiss and Nauman paid off the execution debt, amounting to $157, and took a bill of sale from Pflanz of the property levied upon. This bill of sale does not appear to have been recorded, but by an understanding between the parties to it, the property was permitted to remain in the possession of Romeiss and Naumer to protect them, under the bill of sale, for the money so advanced and the separate demands also due them from Pflanz. Afterwards, on August 20, 1904, Pflanz made a bill of sale of the property in question to Max Koehler, one of the appellants, to secure a claim due the American Brewing Company, which he represented, and two days later Koehler began a suit in replevin against Romeiss and Naumer, entering into a replevin bond in the usual form in the sum of $2,000.

After a jury was called to try the issues in the replevin suit, but before the cause had been submitted, the plaintiff therein submitted to a non-suit and judgment was entered against him for the return of the property which he had replevied, to the defendants in the suit. Afterwards this suit was brought on the replevin bond, by the sheriff for the use of Romeiss and Naumer, the defendants in the replevin suit. Suitable pleadings were filed and upon the trial the issues were found in favor of the sheriff for the use aforesaid. A motion for a new trial was overruled and judgment entered upon the verdict for the amount of the penalty of the bond to be discharged and satisfied upon the payment of damages, to the amount of $982.69 and costs of suit. From that judgment an appeal is prosecuted, by the defendants below, to this court.

It is insisted by appellants that the so-called bill of sale from Pflanz to Romeiss and Naumer was in effect a chattel mortgage, that it did not provide for the retention of the property by the mortgagor, was not recorded, possession of property described in it was not taken by the mortgagees, and therefore the same was void and of no effect as against Koehler. The affidavit made by Koehler in the replevin suit stated that he was entitled to the possession of the property in question but that Romeiss and Naumer had wrongfully taken and detained the same from him and the declaration filed by him in the same case made substantially the same statement. The proofs in the case before us show that Romeiss and Naumer were creditors of Pflanz in good faith; that they were put in possession of the property by the constable who levied upon the same, upon an execution against Pflanz; that they paid the debt to satisfy which the execution had been levied, thereby saving the property from sale under the same; that Pflanz made the conveyance of the property to them for a valuable consideration and permitted them to retain the possession of the property which they already had. Such being the case, it was immaterial whether the instrument executed to them by Pflanz was a bill of sale or a chattel

mortgage, or whether the same was recorded. As Romeiss and Naumer were in possession of the property, either as purchasers or mortgagees, under the instrument executed to them by Pflanz, and as no fraud appeared in the transaction and Koehler failed to show that he had any right in the property superior to the parties in possession, the issues were rightfully found in favor of appellee.

Appellants claim that the court erred in admitting certain evidence and in giving certain instructions. The objection to the admission of evidence, even if it were a good one, cannot be taken advantage of here, for the reason that the same was not mentioned as a ground for granting a new trial in the motion presented by appellants in the court below. Janeway v. Burton, 201 Ill. 78; West Chicago Street Ry. Co. v. Krueger, 168 Ill. 586; O., O. & F. R. V. R. R. Co. v. McMath, 91 Ill. 104; Jones v. Jones, 71 Ill. 562; Brillow v. Oziemkowski, 112 Ill. App. 165; Tri-City Ry. Co. v. Weaver, 106 Ill. App. 312.

There are some minor errors in the instructions given on both sides of the case, but those complained of are not of sufficient materiality to warrant the reversal of this case, where the merits are with the appellee.

It is said by appellants that as no specific amount of damages was named in the declaration, a judgment for any amount cannot be permitted to stand. The concluding part of the declaration is as follows: "Whereby an action has accrued to the plaintiff to demand of the defendants, for the use aforesaid, the said sum of $2,000 above demanded. Yet the defendants though requested have not paid the plaintiff the said sum of money above demanded or any part thereof, but refuse so to do, to the damage of the plaintiff, for the use aforesaid he brings his suit, etc." The sum of $2,000 mentioned refers to the penalty of the bond. While no specific amount of damages appears to be mentioned in the *ad damnum* clause, yet in the body of the declaration, plaintiff demands of defendant, for the use of Romeiss and Naumer, "the sum of $1,000, which they

owe to and unjustly detain from them." The amount of the verdict was less than the sum of $1,000 claimed to be due in the body of the declaration, and it is therefore too late, after the verdict, to take advantage of an omission to claim a specific sum in damages at the conclusion of the same. Burst v. Wayne, 13 Ill. 599; Leopold v. Steel, 41 Ill. App. 18.

The verdict returned by the jury found the issues for the plaintiff and assessed the damages but did not state the amount of the debt. Later in the term the court amended the verdict by inserting therein in the proper place, "We find the debt to be two thousand dollars," which amount was the penalty of the bond. The claim of appellants that the court erred in so amending the verdict is without force. In a similar case it was held by our Supreme Court that such an amendment could even be made at a subsequent term, while the case was still pending and also that the judgment would not have been reversed if the verdict had been allowed to remain as returned by the jury. Italian-Swiss Ag. Colony v. Pease, 194 Ill. 98.

It is further urged by appellants that the evidence showed that Romeiss and Naumer had no joint interest and that the suit therefore could not be maintained for the use of the two jointly but each must sue for his own damages. The proofs in fact show that a portion of the damages recovered included the amount advanced by Romeiss and Naumer jointly, to pay off the debt on account of which the execution above referred to had been levied upon the property, but even if the interest were not joint, the objection would not be well founded. The bond was given to the sheriff to keep him harmless in replevying the property and to pay all costs and damages occasioned by wrongfully suing out the writ of replevin.

The sheriff therefore had a right to recover in this suit whatever amount the several parties for whose use the suit was brought, would have a right to recover from him and the law would not require him to bring a separate suit to

recover the amount for which he might be liable to each of the parties defendant in the replevin suit.

The judgment of the court below will be affirmed.

*Affirmed.*