## Illinois Valley Railway Company v. William Haremski.

### Gen. No. 4,663.

1. MOTION FOR NEW TRIAL—*effect of failure to file grounds for, in writing.* No points are waived by a failure to file a written motion, and when the unsuccessful party is not required by the opposing counsel to make his motion in writing, all grounds which might have been specified can be relied upon and argued as grounds for a new trial.

2. VERDICT—*when not excessive.* A verdict of $3,000 is not excessive where it appears that the plaintiff was severely injured and scarred in and about his face, and in consequence of the injury suffered much pain and lost both the sense of taste and smell.

Action in case for personal injuries. Appeal from the Circuit Court of Bureau county; the Hon. RICHARD M. SKINNER, Judge, presiding. Heard in this court at the April term, 1906. Affirmed. Opinion filed March 13, 1907.

THOMAS N. HASKINS and DUNCAN, DOYLE & O'CONOR, for appellant.

GEORGE S. SKINNER and JAY L. SPAULDING, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action in case by appellee against appellant to recover damages for injuries alleged to have been sustained by him as the result of its negligence. He recovered a judgment in the Circuit Court for $3,000, to reverse which the defendant appeals.

On the night of October 8, 1904, appellee was a passenger on an interurban electric car of appellant, riding from Peru to Spring Valley, Illinois. The car was going at a very high rate of speed and at a sharp curve it was thrown from the track and wrecked, and appellee was taken out of the wreckage in an unconscious condition. On the trial, before any evidence was heard, the appellant by its counsel stipulated that it

waived all questions as to the right of the plaintiff to recover and conceded that the defendant was guilty of the negligence alleged, and was liable for whatever damages plaintiff could show he had suffered by reason of any injuries received in the accident, and the only question for the jury was, what amount was the plaintiff entitled to recover.

The only error assigned that has been presented to this court is that the judgment is excessive. After the verdict was returned the defendant made an oral motion for a new trial which was overruled and an exception taken. Neither the trial court nor counsel for plaintiff requested the appellant to file its points in writing particularly specifying the grounds of such motion. Appellee insists that because a written motion was not filed in the trial court, that appellant cannot now raise any question as to the amount of damages assessed and argues that the question now argued by appellant was not raised in the trial court. No points are waived by a failure to file a written motion, and when the unsuccessful party is not required by the opposing counsel to make his motion in writing, all grounds which might have been specified can be relied upon and argued as ground for a new trial. O., O. & F. R. V. R. R. Co. v. McMath, 91 Ill. 104; Gilbert v. Schliz, 83 Ill. App. 185; Merritt v. LeClair, 118 Ill. App. 328. If a party resisting a motion for a new trial desires to confine a party urging a new trial to reasons actually argued before the trial court, he should require the reasons to be specified in writing that this court may know from the record what reasons were urged, otherwise it will be presumed every reason argued in this court was argued in the trial court.

Appellant insists that appellee is a "malingerer" and that the injuries he claims to have suffered are "wholly simulated." The record shows the injuries to have been received October 8, 1904. The trial began January 10, 1906, and lasted more than a week. The

evidence shows that appellee at the time of the trial was forty-five years of age. He had been a coal miner for several years and was somewhat stooped, or had a "miner's chest," and at the time of the accident was conducting a grocery store in Spring Valley. He was taken from the wreckage of the car unconscious, and bleeding, with the left side of his face lacerated by a deep irregular wound extending from near the eye to near the ear and then around to near the point of the jaw, the duct from the parotid gland was pulled loose and some of the facial nerves severed. Before the injury his face was straight, now the mouth and nose are drawn to the right. He was treated for his injuries by physicians in the employ of the appellant, who testify that his ability to work has not been lessened by the accident and that he was able to work in a few weeks after the injury. His family physician who had treated him for fifteen years testified, that his sense of smell and taste are destroyed, that he tested appellee's senses of smell and taste with ammonia, horse radish, tincture of capsicum and pepper and got no manifestation of those senses, and that they are entirely destroyed. It is also claimed by appellee that his hearing in his left ear is injured, but there was no proof on that question beyond his own statements. Appellee testified that four teeth were knocked out by the accident; that several stitches were put in his face; that a tube was put in his cheek and matter was discharged for several months; that for seven months he could not open his mouth and ate only soups and milk. He claims to have pains in different parts of his body; that he cannot raise one of his arms; and, that he is so disabled that he is practically unable to work. One of the physicians said he possibly had lumbago as the result of the accident. Physicians who treated appellee twice a day for three weeks and some of whom are in the employ of appellant say, that he lost no teeth by the accident and that his senses of taste and smell are uninjured. Dr. Weeks, a physician in the employ

of appellant, and who appears to have had charge of the treatment of appellee, testified that suppuration continued in the wound for four or five months; that it would scab over and then break out. Since the accident appellee has sold his store and bought a small farm. Appellee and several witnesses in his behalf testified he was not able to do work to any extent, while several witnesses for appellant testified that when appellee did not know any one was observing him, he worked as though he had never been injured and did not use a cane, but when any person was watching him he appeared unable to work and walked with a cane. Other physical suffering and injuries were testified to by appellee and witnesses in his behalf and denied by others on behalf of appellant. The body of appellee was stripped and examined by the physicians in the presence of the jury, experts on one side pointing out the tender places while others claimed nothing was the matter with appellee.

We think the issue in this case was peculiarly one for the jury to pass upon. It was a question of fact about which on material questions the evidence is very conflicting and irreconcilable. The credibility of the witnesses and the weight to be given to their testimony is one of the principal questions involved. A court of review should proceed with caution under such circumstances before substituting its judgment for that of a jury. It is shown that the glands and nerves of the face were destroyed to such an extent that the face is distorted. The senses of taste and smell are claimed to be totally destroyed, and many other injuries are claimed to have resulted from the accident. The suffering necessarily has been great and existed to some extent fifteen months after the accident. We think no sufficient reason for interfering with the judgment has been shown. The judgment is, therefore, affirmed.

*Affirmed.*