WILLIAM R. STOCKBRIDGE & others, petitioners.

Hampden. Sept. 27, 1887. — Jan. 6, 1888. W. ALLEN, J., absent.

A man left his wife and family in August, 1871, to seek work. His wife heard from him only twice after he left, the last time being about three weeks after so leaving, and she never heard of him again, though she made inquiries. At the time he left, his health was "fair," although he was then "drinking hard," and had been for some years. *Held*, that these facts were sufficient to raise a presumption of fact that he died before June 21, 1881.

Under the Gen. Sts. *c.* 92, § 28, (Pub. Sts. *c.* 127, § 23,) if a bequest is made to one of a class, who is a relation of the testator, and the legatee dies before the testator, leaving issue surviving the testator, such issue are entitled to the legacy.

If, under the St. of 1885, *c.* 376, the judge of probate directs the amount of a legacy to be deposited in a savings bank, on the representation of the executors that the residence of the legatee is unknown, and it afterwards appears that the legatee died before the testator, and that his issue are entitled to it, under the Pub. Sts. *c.* 127, § 23, the judge of probate should order the amount to be paid to such issue.

PETITION to the judge of probate, by the three children of David H. Stockbridge, one of said children being a minor, alleging that said David H. was named as a legatee under the will of Elam Stockbridge, whose will had been duly proved and allowed; that David H. died before said Elam; that the legacy, amounting to $1521.60, had, by a decree of the Probate Court, been ordered to be deposited in the Springfield Institution for Savings; and that the petitioners were entitled to the same.

The judge of probate dismissed the petition; and the petitioners appealed to this court.

The case was heard before *W. Allen*, J., who reported the case for the consideration of the full court, in substance as follows:

Elam Stockbridge died on June 21, 1881. His will was dated December 19, 1873, and the last of several codicils, each of which expressly ratified and confirmed the will, except so far as changed by the codicils, was dated June 19, 1879. These instruments were duly admitted to probate. By the third clause of his will, he directed his executors to divide all the remainder of his estate into nine parts. One of these nine parts he directed to be divided into five parts, and one of these five parts he directed his executors " to divide equally among the children

of Chester Stockbridge." In another part of the will, the testator described Chester Stockbridge as " son of my brother David."

The estate of Elam Stockbridge has been settled by the executors, and the residuary legacies have become payable.

The executors of the will of Elam Stockbridge filed a petition in the Probate Court, on which no notice was ordered, representing that a certain sum was due David H. Stockbridge as a legatee under said will, and that his place of residence was unknown; and praying that the sum might be ordered to be deposited or invested, according to the provisions of the St. of 1885, c. 376. On March 17, 1886, the judge of probate passed an order, which, after reciting the petition, proceeded as follows: " It appearing that the residence of said David H. Stockbridge is unknown, said executors are hereby ordered to deposit said sum in the Springfield Institution for Savings, in the name of the judge of said court, for the time being, to accumulate for the benefit of said legatee, and said executors are further ordered to file in said court a memorandum of such deposit, with the original certificates or other evidence of title thereto." The executors deposited the money accordingly.

David H. Stockbridge is the son of said Chester Stockbridge; the petitioners are the only children of said David H., and were his only issue living at the decease of the testator. Neither said David H. nor the petitioners are named in the will, or take anything under it, unless under a legacy to children of Chester Stockbridge.

The petitioners, to prove that David H. Stockbridge died before the testator, offered the deposition of the wife of said David H., in which she testified that she and David H. were married on September 10, 1857; that she last saw him on August 17, 1871, at Princeton, Illinois; that at that time they were living together as man and wife; that they then had three children, William R., twelve years old, Hattie L., eleven years old, and Mary G., one year old; that the family had no means of support other than those provided by said David; that David was out of work and could get none; that he was offered work on the construction of a new railroad in Michigan, and accepted it; that the railroad was to run from Houghton, Michigan, to

Chicago ; that he and others left to go to Michigan and work on that job ; that he said he should go to Houghton ; that after he left his home she received two letters from him, the first dated at Chicago, Illinois, and the last at Milwaukee, Wisconsin ; that the first was received about two days after he left, and the last about three weeks after he left ; that she had not. heard from him since that last letter ; that he was forty-one years old on August 28, 1871, the month he left home ; that she had written to him at Houghton, Michigan, and also to the postmaster at that place ; that his brother, Frank W., had made all the effort he could to find his whereabouts ; that she had inquired of persons who left with him ; and that the condition of his health when he left home was fair ; but he was drinking very hard, and had been for some years before he left home.

*C. L. Long*, for the petitioners.

C. ALLEN, J. Assuming that the statements contained in the deposition were true, they are sufficient, in the absence of anything to the contrary, to raise a presumption of fact that David H. Stockbridge died before the testator. The rule is carefully stated in *Loring* v. *Steineman*, 1 Met. 204, 211, by Chief Justice Shaw : " Upon a person's leaving his usual home and place of residence for temporary purposes of business or pleasure, and not being heard of, or known to be living, for the term of seven years, the presumption of life then ceases, and that of his death arises. But this presumption may be rebutted by counter evidence, or by a conflicting presumption." And in *Prudential Assur. Co.* v. *Edmonds*, 2 App. Cas. 487, 509, it was stated by Lord Blackburn to be " necessary, in order to raise the presumption, that there should have been an inquiry and search made for the man among those who, if he was alive, would be likely to hear of him." See also *Flynn* v. *Coffee*, 12 Allen, 133 ; *Jochumsen* v. *Suffolk Savings Bank*, 3 Allen, 87, 96 ; *Bowditch* v. *Jordan*, 131 Mass. 321 ; *In re Phené's trusts*, L. R. 5 Ch. 139 ; *In re Lewes' trusts*, L. R. 6 Ch. 356 ; 1 Greenl. Ev. § 41 ; 1 Taylor Ev. § 200. It should therefore now be taken for granted that David H. Stockbridge died before the testator ; and by virtue of the Gen. Sts. *c.* 92, § 28, reënacted in the Pub. Sts. *c.* 127, § 23, his issue who survived the testator are entitled to take what he would have taken had he survived the testator.

The circumstance that the gift to him was only as one of a class does not prevent the operation of this statute. *Moore* v. *Weaver*, 16 Gray, 305. The fact that David H. Stockbridge was a nephew of the testator is found in the will. It does not appear, nor in the view which we have taken is it material, whether any children of Chester Stockbridge survived the testator; that fact, if it existed, would not cut off the right of the children of David H. Stockbridge; it would only diminish the amount to which they would be entitled.

The executors of the will of Elam Stockbridge deposited the money in the Springfield Institution for Savings, by virtue of an order of the judge of probate, passed in pursuance of the St. of 1885, c. 376, it being recited that it appeared to him that the residence of David H. Stockbridge was unknown. This, however, was not intended to have any further effect than to provide for the proper keeping of the money, with its accumulations, until it should be ascertained and determined who are properly entitled to receive the same. It now appears that the petitioners are so entitled; and an order may be framed for the payment of two thirds of the amount to the two petitioners who are *sui juris*, and of one third to the guardian of Mary G. Stockbridge, a minor, when such guardian shall be duly appointed.

*Decree accordingly.*