## JOSEPH F. WILSON, PETITIONER.

Suffolk, September, 1899.

*Presumption of Death — Registration of Title — Concurrent Proceedings in Probate Court.*

Title in this case rests on the presumption of death of owners of undivided portions of the premises. The facts are as follows:

James Harrington, Sr., died seized of locus in 1856, intestate, leaving a widow, since deceased, and three children, James, Jr., William and Mary, all of age. James, Jr. went to California in 1849, but returned shortly after his father's death to look up his share of the estate. The property was then of very little value, and James went back to California, and has never been heard from since. He was at the time of his disappearance unmarried. William was a sailor. He went to sea in 1879 and has never been heard of since by any member of his family. He left a wife who is still living, but no children. Just prior to his disappearance in 1879, William executed a deed of his share of locus as an heir of his father, and title under this deed, as well as under a deed from Mary in 1882, of all her interest, including any rights as heir to her brothers, is now vested in the petitioner.

On these facts the petitioner urges that he has established a presumption of death as to both James and William that is binding upon this court.

The presumption of death from seven years absence is a doctrine of comparatively recent origin and is generally cited in the books merely as affording a justification for a

finding of fact. If it has developed, as the petitioner urges that it has, into a presumption that is conclusive upon the court, then it has become a matter of very serious import in cases like the one now at bar. The petitioner cites Thayer on Evidence, and Stockbridge, Petitioner, 145 Mass., 517, in support of his proposition.

Professor Thayer says: " The rule about a seven years absence, coming into existence in the form of a judicial declaration about what may or may not fairly be inferred by a jury in the exercise of their logical faculty . . . passes into the form of an affirmative rule of law requiring that death be assumed under the given circumstances. This is a process of judicial legislation, advancing from what is a mere recognition of a legitimate step in legal reasoning to a declaration of the legal effect of certain facts." Thayer, Evidence at Common Law, 323.

In the case of Stockbridge, Petitioner, decided in 1888, an alleged legatee had left his wife and family in 1871 to seek work. His wife heard from him twice within a few weeks after his departure, but, although she made enquiries, never heard of him again. The testator died in 1881. The " legacy " had been deposited in a Savings Bank under a decree of the Probate Court, and the petitioners asked that it be paid to them as the children of a predeceased legatee, under the provisions of P. S. C. 127, Sec. 23. The Probate Court denied the petition. The Supreme Judicial Court reversed this decree, and ordered payment as prayed for, declaring that it should now be taken for granted that the said legatee died before the testator. Stockbridge, Petitioner, 145 Mass. 517. Re Stockbridge was, however, a Probate appeal. The matter before the Supreme Court was a question of fact, not a question of law. The decision rests expressly upon the ground that the presumption is a presumption of fact, a presumption which in the absence of anything to the contrary is sufficient to justify a finding of death.

The decree of the Probate Court was reversed, but it was reversed in consequence of a different finding of fact in the higher Court of Probate to which the whole matter was transferred on appeal. This is a very different matter from a decision that the presumption was one binding upon the Probate Court as matter of law, " requiring that death be assumed under the given circumstances."

I do not think that the Courts have gone to the extent indicated by Professor Thayer. It is a very long step from evidence that will " justify a finding," to a presumption of law which will compel one, or justify the ordering of a verdict for the plaintiff. The Court or jury have a right not to believe evidence, and to refuse to find a fact. Merchants Bank *v.* Haverhill Iron Works, 159 Mass. 158. Revere Bank *v.* Morse, 163 Mass. 383. A presumption of law is a conclusive, arbitrary rule, regardless of, and in some cases entirely contrary to, the facts. As in Regina *v.* Phillips, 8 C. & P. 736. Regina *v.* Jordan, 9 C. & P. 118. The presumption of death, on the other hand, is not absolutely conclusive, and cannot be made so. Carr *v.* Brown, 20 R. I. 215. Scott *v.* McNeal, 154 U. S. 34.

The general statement of the law in the text books, and the effect of all the decisions down to at least a very recent date, has been merely that the presumption will support a finding of death; and that the presumption is rebuttable, or, as Greenleaf puts it, " disputable." Greenleaf on Evidence, Sect. 33 and 41. Woerner on Administration, 443. Stephens Dig. Evidence, 99. It may be rebutted by mere hearsay. Dowd *v.* Watson, 105 N. C. 476. The attending circumstances must be reasonable. In re Phenes Trusts, L. R. 5 Ch. 139. Dickens *v.* Miller, 12 Mo. App. 408. And, in spite of the apparent paradox, it has been held to depend somewhat on the lapse of time; the presumption not being entertained on a question of marketability of title on a lapse of twenty-five years, as distinguished from a case where the

absence had been for forty years. Vought v, Williams, 120 N. Y. 253. "It is to be remembered that, at the most, the presumption of the continuance of life is merely a presumption of fact, which is subject to be controlled by facts and circumstances and other legitimate evidence. It is a presumption by no means of equal strength at all times and under all circumstances." Hyde Park v. Canton, 130 Mass. 505. And see Jochumsen v. Suffolk Bank, 3 Allen 87; Flynn v. Coffee, 12 Allen 133.

So far as William alone is concerned, we might further rest our decision on the ground that we are not satisfied that "sufficient enquiry and search for the man was made among all those who, if he was alive, would be likely to hear from him." Prudential Ass. Co. v. Edmonds, L. R. 2 App. Cas. 487. Stockbridge, Petitioner, 145 Mass. 517.

The petitioner objects that the suggestion of this Court that he proceed in the Probate Court under the absentee statute, imposes a useless burden upon him, and is a mere shifting of the responsibility upon another Court which has not as full jurisdiction in the matter as this Court has. We think, however, that under the insurance clauses of the Land Registration Act the Commonwealth assumes a very real risk, and is entitled to every reasonable protection, and that on a suit for damages against the Commonwealth under the insurance clause, a man who had neglected his home, friends, family and property so far as to allow an adjudication of his death, and sale of his property in the Probate Court under the provisions of the absentee statute, would receive much less consideration than one who had lost an undivided interest merely under the ordinary proceedings of land registration.

Case suspended to await further proceedings.

Note — In the course of the further proceedings in this case, William Harrington was found alive, and in Boston. See also Hopfensack v. New York, 173 N. Y. 321 (1903) accord.