## William Kniel v. Spring Valley Coal Co.

1.  Waiver—*Of a Statement of the Grounds for a New Trial.*— Where a motion for a new trial is entered without any statement in writing specifying the grounds of such motion, and no objection by the adverse party to such omission is made in the court below, such statement will be treated as waived.

2.  Appellate Court Practice—*In the Absence of an Assignment of Errors.*—The absence of assignments of error in the record will necessitate an affirmance of the judgment or a dismissal of the appeal.

Assumpsit.—Common counts.   Appeal from the Circuit Court of La Salle County; the Hon. Harvey M. Trimble, Judge, presiding.

Heard in this court at the April term, 1901.   Affirmed.   Opinion filed
July 12, 1901.

H. M. KELLY, attorney for appellant.

ALFRED R. GREENWOOD, attorney for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit brought by appellee against appellant to
recover certain cash rent claimed to be due.   On Septem-
ber 19, 1891, appellee entered into a written contract with
appellant, leasing him the lands in question for one year
from March 1, 1892, at a cash rent of $900, payable in two
equal payments, on March 1 and September 1, 1892.   Ap-
pellant continued to occupy the premises upon the same
terms until March 1, 1898, when a reduction of $15 a year
was made, leaving the yearly rental $885.   The lease was
continued under this arrangement until March 1, 1900,
when appellant moved away from the premises, owing, as
appellee claims, the rent for the last six months, which,
however, appellant claims he has paid.   The declaration
contained a special count on the lease and the common
counts.   Appellant filed a plea of general issue and a plea
of set-off with a copy of the items of set-off relied upon.

Appellee pleaded the statute of limitations as to the
items of set-off, issues were joined and a trial had before a
jury, which returned a verdict for appellee for $450.   Mo-
tions for a new trial and in arrest of judgment were over-
ruled and judgment rendered for the amount of the verdict.

The principal question involved was whether there was a
balance of $450 of the last year's rent still due and unpaid.
Appellant contended that he paid six months in advance
each year and that he owed nothing for rent.   Appellee
claimed that appellant did not pay in advance after the first
year and that he owed for the last six months; that in Sep-
tember, 1899, he had paid $435 for the rent due up to that
time on his last year, and that he still owed the rent for the
balance of the year, amounting to $450.

Appellant claimed that he sold hay to appellee in 1892

and 1893 for the full amount of which he did not receive credit and that he also performed labor and services for which he was not paid. While the record shows that a motion for a new trial was entered yet it does not appear that appellant filed any points in writing specifying the grounds of such motion. No objection appears to have been made in the court below by appellee, however, upon this ground, so such statement may be treated as waived. O. O. & F. R. V. R. R. Co. v. McMath, 91 Ill. 104. But we further find that there is no assignment of errors in the record. This defect would of itself necessitate an affirmance of the judgment below or a dismissal of the appeal.

We have, however, examined the record and are of opinion that the questions of fact submitted to the jury were correctly decided by them and that they were fully authorized in finding that appellant was indebted to appellee in the amount found by their verdict. While there were some close questions raised on the trial concerning the admission and competency of certain evidence, yet, upon the whole, we think the court ruled properly upon these questions.

Appellant offered no instructions in the case and while he makes some complaint of those given for appellee, we do not think his objections are well founded. We are therefore of opinion that the case must also be affirmed upon its merits. Affirmed.