## The Chicago Union Traction Company
### *v.*
## The City of Chicago..

*Opinion filed April 20, 1904.*

1. APPEALS AND ERRORS—*objection that reasons for motion for new trial are not in writing must be made below.* An objection that the reasons for a motion for new trial are not in writing cannot be urged on appeal if not made in the trial court.

2. SPECIAL ASSESSMENTS—*what objection to jurisdiction is not waived by general appearance.* General appearance is not a waiver of the jurisdictional objection that the engineer's estimate of cost of the improvement is not made a part of the record of the first resolution of the improvement board.

3. SAME—*engineer's estimate cannot be made part of record of resolution by reference.* The engineer's estimate of the cost of an improvement cannot be made a part of the record of the first resolution of the improvement board by a reference thereto in the resolution itself, notwithstanding the estimate is on file in the office of the board, together with an index book, by which the estimate may be found. (*Kilgallen* v. *City of Chicago*, 206 Ill. 557, followed.)

4. SAME—*engineer's estimate need not be a part of the resolution itself.* Section 7 of the Local Improvement act of 1897 does not require that the engineer's estimate shall be included in the first resolution itself, it being sufficient if the estimate is spread upon the records of the board with the record of such resolution.

5. STATUTES—*when court will not follow construction adopted by municipal government.* The rule that in doubtful cases the courts will adopt the construction of a statute acted on by a particular department of government, to which department its execution is confided, does not apply to the construction adopted by the corporate authorities of one city, the statute being applicable to all cities, towns and villages.

APPEAL from the County Court of Cook county; the Hon. L. C. RUTH, Judge, presiding.

WILLISTON FISH, and LOUIS BOISOT, (JOHN A. ROSE, and GARNETT & GARNETT, of counsel,) for appellant.

ROBERT REDFIELD, and FRANK JOHNSTON, Jr., (EDGAR BRONSON TOLMAN, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county confirming a special assessment for paving a part of Sheffield avenue, in the city of Chicago. Among other objections filed by appellant in that court was one to the effect that the estimate of the cost of the improvement made by the engineer was not made a part of the record of the first resolution of the board of local improvements, and the same question is presented here. All objections filed were overruled by the court below, and after trial by jury the assessment roll was confirmed.

The motion for a new trial was not in writing. It is preserved in the bill of exceptions. It does not disclose the reasons upon which it was based, and counsel for appellee therefore urge that as the objection above suggested is not mentioned or particularly specified in that motion it cannot now be considered. The better practice is to file a motion for a new trial in writing and to state therein the grounds relied upon. If the party moving does not do this in the first instance he will be ruled to do so on application, or the court may enter such a rule of its own motion; but where such a rule is not entered or applied for and no objection is taken in the court below on the ground that the reasons are not stated in writing, such objection to the motion for a new trial will be waived and cannot be urged in an appellate tribunal. *Ottawa, Oswego and Fox River Valley Railroad Co.* v. *Mc-Math,* 91 Ill. 104; *Bromley* v. *People,* 150 id. 297; *West Chicago Street Railroad Co.* v. *Krueger,* 168 id. 586.

Appellant entered a general appearance in the county court, and this is said to be a waiver of the jurisdictional objection that the estimate was not made part of the record of the resolution, for the reason that such an objection must be made under a special appearance, and that where the appearance is general an objection to the jurisdiction cannot afterwards be interposed. This is true where the summons or notice is defective or has

not been served in the manner required by statute and
the court's jurisdiction of the party defendant is ques-
tioned.    In this case appellant was properly in court.
This objection is one which challenges the power of the
court to proceed for the reason that certain preliminary
proceedings were so defective that the court did not ob-
tain jurisdiction of the subject matter, and an objection
of this character is not waived by a general appearance.
12 Ency. of Pl. & Pr. p. 186; *Way* v. *Way*, 64 Ill. 406.

Section 7 of the Local Improvement act of 1897 pro-
vides that the estimate of the cost of the proposed im-
provement "shall be made a part of the record" of the
first resolution.    This resolution in the case at bar con-
tains the following: "Be it resolved by the board of local
improvements of the city of Chicago, that a local im-
provement be and the same is hereby originated, to be
made within the city of Chicago,   *   *   *   the estimate
of the cost of such improvement made by the engineer
of the board being $17,000, which said estimate is here-
by referred to and made a part of this resolution by ref-
erence." It will be observed that this resolution, except
as to the amount of the estimated cost, is identical with
the resolution which this court had under consideration
in *Kilgallen* v. *City of Chicago*, 206 Ill. 557, where we held
that such a reference to the estimate, when contained in
the resolution, did not show compliance with the stat-
ute, for the reason that the estimate was not thereby
made a part of the record of the resolution; and here, as
there, the resolution was properly spread upon the rec-
ord of the board, as required by section 7, *supra*, but the
estimate was not transcribed upon any record whatever.

Appellee contends, however, that this case is distin-
guished from the *Kilgallen case* by the fact that in addi-
tion to such reference in the resolution to the estimate it
here appears that this estimate, together with all sim-
ilar estimates, was kept on file in the office of the board
of local improvements, open and accessible to all per-

sons, and that said estimate has been so on file since the day the first resolution of the board was recorded in the book containing the record of such resolutions; that there is also kept in said office, open and accessible to all persons, an index book to such estimates, so kept and made that the estimate in any particular case, and in the case at bar, may readily be found by reference to that index, and that any person may, by application to the clerk in charge, or by personal search, easily secure access to such estimates. The purpose of the legislature evidently was to require the preservation of the first resolution in a permanent memorial and to have the estimate made a part of that memorial, so that the property owner, turning to the record of the resolution, would also have before him, at the same time, the information to be obtained from the estimate. It is apparent, considering this statute in the light of that purpose, that no distinction between this case and the *Kilgallen case* is shown. There is nothing more on the record which contains the resolution here than there was in that case. The estimate can only be found by a reference to a different record, which is termed an index. This case, therefore, is controlled by the *Kilgallen case.*

The law does not require that the estimate shall be incorporated in or made a part of the resolution itself, but it should be made a part of the record thereof, that is, it should be spread upon the record of the board of local improvements with the record of the first resolution. If, from the portion of the resolution above quoted, the words, "and made a part of this resolution by reference," had been stricken out and the words, "and which shall be transcribed upon the records of this board immediately following the record of this resolution," or other words of similar import, had been inserted in lieu thereof before its passage, and then if the estimate had been spread upon the record immediately following the record of the resolution, the statute would have been satisfied.

It appears that the practice followed in this case has been followed in all cases by the board of local improvements in the city of Chicago, and it is urged, citing *People* v. *Fidelity and Casualty Co.* 153 Ill. 25, that "where the execution of statutes is confided to a particular department of the government, the court will regard, and in doubtful cases adopt, the construction acted on by such department." This is wholly inapplicable here, for the reason that the execution of this statute is confided to the corporate authorities of all the cities, villages and incorporated towns in this State, and not alone to the board of local improvements of the city of Chicago. Counsel's argument would lead to the statute receiving one construction in one city and a different construction in another.

It is unnecessary to discuss the other errors assigned.

The judgment will be reversed and the cause remanded to the county court.

*Reversed and remanded.*