(99 App. Div. 559)

### PIMEL v. BETJEMANN.

(Supreme Court, Appellate Division, Second Department. December 15, 1904.)

1. WILLS—REPRESENTATION—DEATH OF DEVISEE.

 Under 2 Rev. St. (1st Ed.) p. 66, pt. 2, c. 6, tit. 1, § 52, providing that a devise or legacy shall not lapse on the death of a legatee or devisee during testator's lifetime, leaving a child or other descendant who shall survive such testator, but the property so devised or bequeathed shall vest in the surviving child or the descendant of the devisee, where a testator bequeaths a sum to each of his children the death of a child prior to the execution of the will, with knowledge of the testator, entitles such child's issue to the legacy.

Appeal from Special Term, Kings County.

Action by Florence L. Pimel against Christopher Betjemann, as executor of the last will of John Bahrenburg, deceased. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Andrew F. Van Thun, Jr., for appellant.
Thomas Kelby, for respondent.

WILLARD BARTLETT, J. The question involved in this appeal is whether Florence L. Pimel, the plaintiff, is entitled to a legacy of $500 under the will of her grandfather John Bahrenburg,

which will was executed on May 17, 1887. The plaintiff claims this
legacy under the first subdivision of the will, whereby the testator
left his property, after the payment of his debts, in trust to his ex-
ecutors, among other things, to "pay to each of my children who
shall have arrived at the age of twenty-one years, the sum of
($500.00) Five hundred dollars as soon after my decease as my
executors conveniently can." At the time of the execution of the
will the testator had eight children living. Another child, Anna
Bahrenburg Pimel, the mother of the plaintiff, had died prior to
that date, and her funeral had been attended by the testator. The
Court at Special Term held that, notwithstanding the fact of this
child's death prior to the execution of the will, and notwithstand-
ing testator's knowledge of her death, the plaintiff, as her sole is-
sue, was entitled to a legacy of $500, by reason of the operation of
section 52 of the statute of wills of this state. That statute, the
operation of which is thus invoked in favor of the plaintiff, is as
follows:

"Whenever any estate, real or personal, shall be devised or bequeathed to
a child or other descendant of the testator, and such legatee or devisee shall
die during the lifetime of the testator, leaving a child or other descendant
who shall survive such testator, such devise or legacy shall not lapse, but the
property so devised or bequeathed shall vest in the surviving child or other
descendant of the legatee or devisee, as if such legatee or devisee had sur-
vived the testator and had died intestate." 2 Rev. St. (1st Ed.) p. 66, pt. 2, c.
6, tit. 1, § 52.

The case of Barnes v. Huson, 60 Barb. 598, decided by the Gen-
eral Term of the Fourth Department in 1871, is relied upon as
authority for the conclusion reached in this case, and fully sustains
that conclusion, unless a distinction can be spelled out of the fact
that the son of the testator in that case, who had died before the
execution of the will, was expressly named in the bequest, instead
of being merely indicated as one of a class. In Massachusetts,
however, where a statute similar to our own exists, it has been
held that this fact makes no difference. The Massachusetts stat-
ute (Pub. St. 1882, c. 127, § 23) provides that where a legacy is
given to a child or other relative of the testator, and such child or
other relative dies before the testator, leaving issue surviving the
testator, such issue shall take the legacy, unless a different inten-
tion is manifested by the will. The circumstance that the gift
to the relative who died before the testator was only as one of a
class, instead of to him by name, has been held not to prevent the
operation of this statute. Stockbridge, Petitioner, 145 Mass. 517,
14 N. E. 928; Howland v. Slade, 155 Mass. 415, 29 N. E. 631.

Having in view the intent and purpose of the legislation in
question as construed in Barnes v. Huson, supra, I can see no rea-
son why the rule of construction which has been adopted in Massa-
chusetts should not be equally applicable to our own statute. In
my opinion, this judgment should be affirmed.

Judgment affirmed, with costs. All concur.