Modern Woodmen of America v. Graber.

## Modern Woodmen of America v. Lizzie A. Graber.

### Gen. No. 4,715.

1. MOTION FOR NEW TRIAL—*when need not be written.* A motion for a new trial need not be in writing where no rule was asked or entered requiring that points in writing be filed.

2. MOTION FOR NEW TRIAL—*what does not waive.* A motion for a new trial is not waived by a statement made in court that the motion is merely formal, where the overruling of the motion was followed by an exception and where the motion was preceded by another motion upon which the same argument was made which

would necessarily have been made upon the argument of the motion for a new trial.

3. DEATH—*what essential to indulgence of presumption of, arising from absence.* In order to establish a presumption that a person is dead from his absence for seven years, there must be diligent inquiry at his last place of residence and among his relatives and among others who probably would have heard from him if living. But in this connection hearsay or evidence of repute is competent.

4. PROOFS OF DEATH—*admission of, proper.* It is proper, in an action upon an insurance policy to receive upon behalf of the plaintiff proofs of death submitted to the insurance company, as these proofs are an essential element of the plaintiff's case un- less waived by the defendant.

Action of assumpsit. Appeal from the Circuit Court of Wood- ford county; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the April term, 1906. Reversed and re- manded. Opinion filed October 16, 1906.

TRUMAN PLANTZ and JOHN F. BOSWORTH, for appel- lant.

JOHN R. TWEDDALE and THOMAS KENNEDY, for ap- pellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Appellee began this suit on July 6, 1905, upon a beneficiary certificate issued by appellant on March 23, 1893, whereby it agreed to pay her $2,000 upon the death of her husband, George Graber. The declara- tion averred that on January 20, 1898, Graber sud- denly and without explanation left and disappeared from his home near Washburn, Illinois, and has been unaccountably absent and has never returned or been heard of since; that diligent and continuous search was made for him from the day of his disappearance up to the time of the commencement of the suit, but that no intelligence of him could be obtained; and that plaintiff has been wholly unable to find him; that Graber was absent without explanation

from his usual place of abode for more than seven continuous years immediately prior to the beginning of this suit, and that he is dead; that on January 21, 1905, said "unheard of absence" had continued seven years, and at the end of seven years he was presumed by law to be dead. The declaration also averred payment of all dues and assessments, and that plaintiff had furnished proofs of death and had fully complied with the terms of the contract and with the rules of the fraternity. Issue was joined upon a plea of the general issue, and upon the second, third and sixth special pleas. Appellee recovered a verdict and a judgment for $2,000 from which the society appeals.

Appellee argues that the appeal cannot be considered, because appellant did not file a written motion for a new trial, setting out the reasons therefor. No objection was made to the motion because it was not in writing, and no rule was asked or entered requiring that points in writing be filed. They were, therefore, waived. Union Traction Co. v. City of Chicago, 209 Ill. 444; Kniel v. Spring Valley Coal Co., 96 Ill. App. 411. Appellee argues that the motion for a new trial was waived, because when the court asked appellant's attorney if he wished to argue it, he replied, "No, the motion is purely formal." Appellant moved to instruct the jury to find for the defendant at the close of plaintiff's evidence, and again at the close of all the evidence. These motions raised the point mainly relied upon here, and the court ruled thereon adversely to appellant. The record shows that the motion for a new trial was made and denied the same day that the verdict was returned. It is fair to assume that appellant's attorney considered it useless to argue its contention further in that court. He was not asked to make an argument or to state the grounds of his motion. If he had meant to waive the motion, he would not have immediately excepted to its refusal. We con-

clude he did not mean, and was not understood to mean, that he waived the motion for a new trial. Landt v. McCullough, 206 Ill. 214.

There was no direct proof of the death of Graber. The main question here argued is whether there was sufficient proof to authorize the presumption that he died before the proofs of death were presented to appellant. In order to establish the presumption that a person is dead from his absence for seven years, there must be diligent inquiry at his last place of residence, and among his relatives, and among any others who probably would have heard from him if living. Hitz v. Allgren, 170 Ill. 60; Policemen's Benevolent Association v. Ryce, 213 Ill. 9; *in re* Stockbridge, 145 Mass. 517. Graber was forty-eight years old when he left home. He had a wife and three children with whom he lived on a rented farm. These children were fifteen, sixteen and eighteen years old at the time of the trial in March, 1906, and therefore must have been about seven, eight and ten years old when their father left. He was always very fond of them. Plaintiff was absent from home when her husband left. The children were at home when she returned at night. He may have told them where he was going. He may since have written to them. They did not testify. Appellee's excuse for not calling them seems to be that Graber would be much more likely to write to his wife than to these children. The record does not leave it certain that that is so. While appellee testified that there was no trouble between herself and her husband, and neighbors testified that they did not know of any, yet there are indications in the proof that there was such trouble. When asked how her husband treated her, appellee answered: "He treated me fairly well," which implied some dissatisfaction on her part. That morning Graber took the children to school, about a mile from home. Appellee was to go to town, and waited till eleven o'clock A. M. for him to return,

and he did not come. She then drove to Washburn, four miles distant, and on the way met her husband driving towards home. Graber smiled at appellee, but neither of them stopped or spoke. This tended to show some constraint or disagreement between them. When appellee returned at six o'clock in the evening, her husband had left, and she has not seen him since. She found the lock off the door of their home, some of her husband's clothing cut and torn and some eggs broken. All these circumstances tend to indicate that there had been some trouble or disagreement between appellee and her husband. If so, he might write to his children rather than to his wife. We are of opinion they should have been called as witnesses, in making plaintiff's case, and that for failure to call them the presumption of death was not established.

Graber was born in Alsace-Lorraine, now a part of Germany, and lived there till he was a man grown or later. He had a brother who lived there when Graber disappeared, and who still lives there. Appellee undertook to show that Graber had not been heard from by this brother or at his old family home during the seven years after his disappearance from his home in Illinois. For this purpose she called a nephew living in Illinois, a son of that brother in Alsace-Lorraine, and sought to prove inquiries by him in his correspondence with his father and what he learned in reply. We are of opinion that heresay, tradition and common repute in the family is competent proof upon this subject. Cuddy v. Brown, 78 Ill. 415; Metheny v. Bohn, 160 Ill. 263. But the evidence of this nephew was too incomplete to establish the fact for which he was called. He did not state what answers he received to his inquiries, but gave instead his own conclusions therefrom. He did not distinctly show that he had received any information on the subject from his father and other relatives there after the answer to his first letter written not long after Graber disappeared. He

did not distinctly show that he had information from the family there covering the whole seven years.

The proofs of death were properly admitted, they being an essential part of appellee's case, unless waived. Dwelling House Ins. Co. v. Dowdall, 159 Ill. 179. The letters written by officers of the society to appellee were competent for the purpose to which the court limited them. But for the want of sufficient proof to raise the presumption of death, the judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*