THE WEST CHICAGO STREET RAILROAD COMPANY

*v.*

AUGUSTA KRUEGER.

*Opinion filed November 8, 1897.*

1. NEW TRIAL—*motion for new trial—when right to avail of error is waived.* One who, in compliance with section 56 of the Practice act, (Rev. Stat. 1874, p. 781,) files points in writing in support of his motion for a new trial, particularly specifying the grounds on which he relies, waives his right to avail of errors on appeal not mentioned therein.

2. SAME—*effect of general statement of grounds for new trial.* A general statement of grounds for new trial in the words "various other reasons apparent of record," will not supply the omission of a particular specification upon which the moving party relies.

*West Chicago Street R. R. Co.* v. *Krueger*, 67 Ill. App. 574, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

EGBERT JAMIESON, and JOHN A. ROSE, for appellant.

JAMES B. MCCRACKEN, and ALBERT M. CROSS, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellee recovered a judgment for $1125 in the Superior Court of Cook county against appellant, in an action for damages for a personal injury received by appellee

while she was a passenger on one of appellant's cable cars.   All questions of fact have been settled adversely to appellant by the judgment of affirmance of the Appellate Court.

The only point made by appellant under its assignment of errors in this court is, that the trial court erred in refusing to give to the jury the eighth instruction asked by it.   We agree with appellee that if it were conceded that the trial court did commit error in refusing to give the instruction, still appellant is in no position here to avail itself of that error, having waived it in the trial court.

In support of its motion for a new trial, appellant, in compliance with section 56 of the Practice act, filed "the points in writing, particularly specifying the grounds of such motion," containing the points usually specified in such cases, the seventh of which was, that the court erred in giving each of the instructions given by the court on behalf of the plaintiff, but alleging no error and containing no point as to any ruling of the court in refusing instructions asked by the defendant.   In *Ottawa, Oswego and Fox River Valley Railroad Co.* v. *McMath,* 91 Ill. 104, it was held that where no statement in writing of the points relied on for a new trial is filed with the motion, and no objection is made because of the omission to file such statement, the filing of such statement will be treated as waived, and error may be assigned in the Appellate Court for the overruling of the motion for a new trial. But it was also said in that case (p. 111): "If plaintiff in error had filed certain points in writing particularly specifying the grounds of his motion, then he would, of course, be confined in the Appellate Court to the reasons specified in the court below, and would be held to have waived all causes for a new trial not set forth in his written grounds.   The same rule and principle that preserve his rights in the now case would, in the case we have suggested, protect the rights of his opponent and

hold plaintiff to have waived all reasons for a new trial not enumerated." This rule has been frequently applied in later cases. (See *Consolidated Coal Co.* v. *Schaefer*, 135 Ill. 210; *Hintz* v. *Graupner*, 138 id. 158; *Brewer Brewing Co.* v. *Boddie*, 162 id. 346; *Hollenbeck* v. *Detrick*, id. 393.) The case at bar is to be distinguished from those cases where no motion for a new trial was made, as in *Illinois Central Railroad Co.* v. *O'Keefe*, 154 Ill. 508, and cases there referred to.

While admitting the rule, appellant insists that there was in this case no waiver of the alleged error, for the reason that its statement of the points relied upon for a new trial contained the following: "13.—Various other reasons apparent of record." But it would seem clear that this thirteenth paragraph in the statement contained no point particularly specifying any ground or reason for a new trial, as required by the statute. Appellant having undertaken to specify its grounds for a new trial, must be held to have waived all those not specified, or stated with such reasonable certainty as to apprise the opposite party of the grounds upon which it would rely to support its motion for a new trial. If this thirteenth paragraph were held to be a sufficient specification of the point now relied upon to reverse the judgment in this court, it would be a sufficient specification in any case, of all of the grounds relied upon in the motion for a new trial, to allege that such grounds are "various reasons apparent of record."

The point made by appellee that appellant in the trial court waived the alleged error now here relied upon must be sustained, and the judgment of the Appellate Court affirmed.

*Judgment affirmed.*