## Chicago Great Western Ry. Co. v. George J. Black.

1. New Trial—*Waiver of Grounds Not Stated in the Motion.*— Where a ground relied upon is not raised in the court by the motion for a new trial, it must be considered as waived.

**Trespass on the Case.**—Appeal from the Circuit Court of DeKalb County; the Hon. George W. Brown, Judge, presiding. Heard in this court at the April term, 1901. Reversed and remanded. Opinion filed July 12, 1901.

J. B. Stephens, attorney for appellant.

Jones & Rogers and Hopkins, Hanchett & Dolph, attorneys for appellee.

Mr. Presiding Justice Dibell delivered the opinion of the court.

From Forest Home, eight miles west of Chicago, the Chicago Great Western Railway and the Chicago, Milwaukee and St. Paul Railway, pass into the city over the double tracks of the Chicago Terminal and Transfer Company. The Great Western comes into Forest Home from due west, and the Milwaukee road from a northwesterly direction. Every train coming in must stop before reaching the junction unless a certain puzzle switch is turned in its favor. At night if the puzzle switch shows a red light a Great Western train approaching has the right of way, otherwise not. Shortly after midnight in the morning of November 27, 1899, an extra freight train on the Great Western was approaching Forest Home from the west. The puzzle switch did not show a red light, but was set for the Milwaukee road, and one of its freight trains was then passing on to the track for Chicago. The Great Western freight train did not stop, but ran into the Milwaukee train, and there was a wreck. George J. Black was head brakeman on the Great Western train and was on the head freight car at the time of the collision. He was injured, and brought this suit against the Great Western

company to recover damages for the injuries he sustained. His declaration alleged defendant did not stop its train before reaching the crossing as required by statute; did not provide safe and proper switches and appliance at the junction; did not provide interlocking switches and other safety devices at the junction; did not provide semaphores and other signals, with lights and colored signals thereon, in the night time, a reasonable distance from the junction; did not keep the switches and appliances at the junction in safe repair; did not provide a watchman or switchman at the junction; did not provide a pilot for the engineer and fireman, who were alleged to have been unacquainted with the road; that the injury was caused by the negligence of the engineer, who was alleged not to be a fellow-servant of plaintiff; and that the engineer was unskillful and incompetent. Defendant pleaded not guilty. There was a trial about one year after the accident. Plaintiff recovered a verdict for $15,000, and had judgment thereon after motions by defendant for a new trial and in arrest overruled. Defendant appeals.

Plaintiff appears to have been thrown from the top of the head freight car on to the tender and thence upon the ground, and into oats spilled from one of the broken cars. He was found in a dazed condition, taken into the depot, and then removed to a hospital in Chicago. He had a few scratches on his hands and head, and a tender region across the small of the back. There was a slight appearance of bruising and a slight swelling in that region and either no discoloration or very little. There was no marked appearance of injury. Except the scratches the skin was not broken. He remained in bed a few days, and then was up and around the hospital, and in two weeks or less left it and went home. Most of the time since he has been up and around the town where he lives. Most of the symptoms from which his physicians conclude he is seriously and permanently injured are subjective, and rest upon his own statement of his feelings and sufferings. His physicians, relying almost entirely upon subjective symptoms, testify

that in their judgment he is suffering from myelitis, or inflammation of the spinal marrow, and will not recover. Other physicians, apparently equally learned and skillful, after watching and making various experiments upon him, testify that he is feigning his more serious symptoms, and has not myelitis. About six or seven months after the injury a sore, skin deep, about the size of two silver dollars, appeared near the base of his spine, and has since continued. The physicians called for plaintiff consider this an evidence of the existence of myelitis. The physicians called for defendant testify it is not, and also that in their judgment this is a self-produced blister. There was considerable proof that before this injury plaintiff had endured without flinching certain tests, such as sticking pins into his legs and arms, the results of which tests, as applied by them since the injury, plaintiff's physicians relied upon as proof of a diseased condition. There was proof tending to show plaintiff walked without a cane when unaware that he was observed, and instantly resumed his cane upon discovering a spectator. Those members of his immediate family who must have been best acquainted with his condition from time to time after he went home, were not called to testify in his behalf, though at least one of them was present in the court room at the trial, and they all lived in the town where the court was held. In our judgment there is a clear preponderance of proof that plaintiff was but slightly injured. We accordingly are of opinion that the damages awarded are so excessive that the judgment ought not to stand.

The court at the request of the plaintiff instructed the jury that if they believed from the evidence that defendant was guilty of the negligence charged, and that by reason thereof plaintiff was injured while guilty of no want of ordinary care contributing to the injury, then defendant is liable, though the negligence of a fellow-servant con- tributed to the injury. The eighth count of the declaration charged that the injury was caused by the negligence of the engineer and that he was not a fellow-servant. The

instruction was therefore misleading and erroneous. The jury found specially that the engineer was a fellow-servant with plaintiff; and the other special findings imply the engineer was guilty of negligence contributing to the injury. It is clear the engineer was negligent and that his negligence was at least one of the causes of the injury. It is a close question upon the present record whether the jury were warranted in finding any other negligence than that of the engineer. We do not discuss that question, as it may be the subject of further evidence at another trial.

Defendant argues it was error to permit plaintiff to prove what words were placed on mile boards and stop boards of other railroads, and what signals and interlocking switches other railroads used at railroad crossings. Defendant's motion for a new trial only specified certain particular items of evidence, not including these, as improperly admitted for plaintiff. It contained no general words covering the proof now referred to. As the admissibility of this proof was not questioned in the court below by motion for a new trial, the point was waived. (West Chicago St. R. R. Co. v. Krueger, 168 Ill. 586.) We deem it unnecessary to discuss the other alleged errors. The arguments made upon them here will doubtless lead to a different course of proof on various subjects at the next trial. The judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.