The Odin Coal Company

*v.*

Elmer Tadlock.

*Opinion filed October 24, 1905.*

1. Appeals and errors—*objection to rulings on instructions must be urged in motion for new trial.* Failure to specify as ground, for the written motion for new trial the action of the court in refusing to direct a verdict, and in also refusing certain instructions, is a waiver of the right to urge such refusal as error in a court of review.

2. Same—*when giving erroneous instruction is not harmful.* Giving an erroneous instruction, making it the absolute duty of a master to furnish reasonably safe appliances instead of requiring him to exercise reasonable care to furnish the same, is not harmful, where there is no dispute about the facts and the jury could have come to no other conclusion under it than that the master did not exercise reasonable care to furnish reasonably safe appliances.

3. Mines—*notice to machine boss of defect in machine is notice to company.* Notice to the machine boss in a mine of a defect in the machinery, which it was his particular duty to repair, is notice to the mining company, since the machine boss stands in the relation of a vice-principal to the company for the performance of duties which are personal to the company and which cannot be delegated to other persons so as to relieve it from liabilty.

4. Master and servant—*when servant's want of notice of defect is not the test of liability.* A servant's want of notice of a defect in a certain truck, or want of equal means of knowledge with the master, is not the test of his right of recovery for injury, where, although knowing the truck had been defective, he had received a promise of immediate repair, and supposed, when he hitched to the truck in the darkness, that the promised repair had been made.

5. Same—*promise to repair need not be made directly to servant who relied thereon.* In order that a promise by the master to make repairs may be relied upon by a servant it is not essential that the promise be made directly to him, provided it was in fact made by the master to other persons who communicated the same to the servant.

Appeal from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Marion county; the Hon. S. L. Dwight, Judge, presiding.

LOUDEN & CROW, for appellant.

FRANK F. NOLEMAN, and W. F. BUNDY, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The Appellate Court for the Fourth District affirmed a judgment recovered by appellee in the circuit court of Marion county for personal injuries received by him while engaged in the service of appellant as a mule driver in its coal mine, which were alleged to have been caused by defective appliances upon a truck furnished by appellant for his use. The case has been brought to this court by appeal.

In the argument of counsel for appellant it is contended that the circuit court erred in refusing to direct a verdict of not guilty at the close of the evidence, as requested by defendant, and also that the court erred in refusing to give to the jury instruction numbered 4 asked by the defendant; but neither of these questions can be considered, for the reason that they were not among the grounds stated in defendant's motion for a new trial. If there was error in refusing to direct a verdict or give the instruction, it was proper ground for the motion for a new trial. Defendant filed its written motion specifying in detail the errors which it alleged occurred in the course of the trial, and the refusal to direct a verdict was not mentioned. The fourth ground of the motion was, that the court improperly refused to give instructions numbered 1, 2 and 3 asked by the defendant, but the refusal to give instruction numbered 4 was not alleged to be erroneous. The circuit court therefore, in overruling the motion for a new trial, did not pass on those questions, and defendant waived its right to assign error as to either. *West Chicago Street Railroad Co.* v. *Krueger,* 168 Ill. 586.

Plaintiff was injured while hauling from one part of the mine to another a machine weighing about three thousand

pounds, which was used for undercutting coal. For the purpose of moving the machine it was drawn upon a truck by a windlass and chain, and the truck was provided with two ratchet wheels, with dogs, to prevent the chain from unwinding and allowing the machine to slide off the truck. The evidence for plaintiff tended to show that neither dog was fit or sufficient, and the fact was undisputed that the upper ratchet wheel, and the dog which held it in place, had been out of repair and unfit for use for four or five days. The machine boss of the defendant, whose duty it was to make repairs, had been notified of the defective condition of the appliances and had tried to file the cogs on the ratchet wheel but did not succeed in making the wheel fit for use. He had promised to have it fixed, and there had been ample time to comply with the promise. The making of the repairs was a simple thing, which could have been attended to at any blacksmith or repair shop without delay. For several days the machine men had used a machine bit in place of the dog to load the machine, and on this occasion the upper dog was taken out and carried to the repair shop. The machine boss knew of the condition of the appliances and knew that injury was liable to result from such condition. Plaintiff knew of the defective condition of the appliances, and two or three days before the accident complained to the machine runners of such condition, and said he was not going to move the machine any more unless it was fixed. One of the machine runners told him the machine boss had promised to fix it, and that was all he could do. When the machine boss failed to make the machine safe by filing the cogs, he said that he would get it fixed as soon as he could, and would get a dog made and come the next day and fix it. There was a palpable omission of duty on the part of the machine boss. When the plaintiff was called to haul the machine it was already loaded and the place where it stood was dark. The plaintiff did not make any inspection of the truck, but testified that he supposed the promise of the machine boss had

been kept and the repair made. On the trip the machine slid off the truck and injured plaintiff.

It is contended that the court erred in giving to the jury the first instruction asked by the plaintiff, which informed the jury that if the defendant neglected or failed to furnish the plaintiff with reasonably safe appliances with which to work, and the other conditions of fact stated in the instruction existed, they should find the defendant guilty. The instruction required the defendant, as an absolute duty, to furnish reasonably safe appliances and made it an insurer of the safety of the machine. It was inaccurate in its statement of the law, which only required the defendant to exercise reasonable care to furnish the plaintiff with reasonably safe appliances. But while the instruction was not a correct statement of the law there was no dispute about the facts, and the jury could not have come to any other conclusion than that the defendant neglected to exercise reasonable care to furnish plaintiff with reasonably safe appliances. If there had been any room for controversy on that subject the instruction would have been harmful, but as there was none, the mis-statement of the law could have had no ill-effect.

It is also urged that the instruction was bad because it authorized the jury to find for the plaintiff if he did not know of the defective condition of the appliances when he attempted to move the machine, and omitted the element of means of knowledge. The twelfth instruction given at the request of defendant informed the jury that if the plaintiff knew or had reason to know, or by the exercise of ordinary care might have known, that the machine and ratchet wheel were out of repair, and with such knowledge continued the work without calling defendant's attention to the same, he assumed the risk and could not recover. That instruction, when read in connection with the one complained of, fairly stated the law to the jury, when it is considered that the place where the machine stood was dark, that the plaintiff

had no general duty of inspection, and there had been ample time for the simple repairs to have been made.

It is also contended that instruction numbered 2 given at the instance of plaintiff was bad because it told the jury that notice to William Hawley was notice to the defendant if it was the duty of Hawley to repair the mining machinery and trucks of defendant when they became out of repair. Hawley was the machine boss in the employ of the defendant and it was his duty to repair the trucks. Notice was given to him and he attempted to fix the appliances, and failing, promised to make the repairs. The instruction correctly stated the law. A corporation acts by its agents, and notice to an agent having charge of a particular department is notice to the corporation. Hawley was charged with the duty to repair the machinery and appliances, and it was an absolute personal duty of the defendant for the performance of which it was responsible. Hawley was a vice-principal, who is one who performs personal duties of the master which cannot be delegated, as distinguished from a foreman or superior servant: (*Mobile and Ohio Railroad Co.* v. *Godfrey,* 155 Ill. 78; *Baier* v. *Selke,* 211 id. 512; 12 Am. & Eng. Ency. of Law,— 2d ed.—948.) The defendant was directly responsible for the performance of the personal duty through Hawley, and there was no error in so instructing the jury.

It is further insisted that the court erred in refusing instruction numbered 3 asked by the defendant. That instruction stated that the plaintiff could not recover upon a failure to prove either one of several propositions, one of which was, that he did not know of the defective condition of the appliances and had no equal means of knowledge with the defendant. Instructions should be applicable to the case on trial, and while this instruction would have been correct in some cases, the rule of law could not be applied to this case. The plaintiff admitted previous knowledge of the defect and introduced evidence of the promise of the machine boss to make the repairs, together with evidence that when he

hitched to the truck he supposed the repairs had been made. · The instruction ignored the promise to repair, which there was evidence tending to prove, and assumed to state as a rule of law applicable to the case that plaintiff could not recover unless he proved that he did not know of the defect and did not have equal means of knowledge with the defendant.

There was no error in admitting evidence of the promise made by Hawley to repair the appliances. The objection made to the evidence is, that the promise was made to the machine runners who operated the machine and was communicated to the plaintiff by them, instead of being made to the plaintiff direct. It was proper to prove that the promise was made through other servants of the defendant who notified the machine boss of the defect. The promise to repair was made to the machine runners, and when the plaintiff complained of the condition of the appliances and said that he was not going to move the machine any more unless it was fixed, they told him of the promise and he relied upon it. It was not necessary for him to go to Hawley and receive the promise personally.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*