Chicago, Burlington & Quincy Railway Company v. Frank Bautsch.

Gen. No. 4,695.

1. MOTION FOR NEW TRIAL—*effect of filing written motion for.* A party filing a written motion for a new trial specifying his points, is confined on appeal to the points set out and he is not permitted to rely upon other grounds.

2. FIRE—*what not contributory negligence precluding recovery from railroad company.* It is not the law that whenever a farmer sees smoke on the right of way by the side of his land, indicating that there is fire upon the right of way, he must go upon the right of way and try to subdue the fire, under the penalty of not being permitted to recover for the damages which may afterwards be inflicted upon him if he should not attend to it and if the fire should afterwards spread to his land.

3. INSTRUCTION—*when ignoring particular matter, not error.* An instruction which ignores a particular matter which would have been a defense had evidence with respect thereto been introduced, is not erroneous where no such evidence was in fact introduced.

Action commenced before justice of the peace. Appeal from the Circuit Court of JoDaviess county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the April term, 1906. Affirmed. Opinion filed October 16, 1906.

WOODWARD & LEES and W. SPENSLEY, for appellant.

JONES & KERZ, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Appellant's railroad runs through appellee's farm. Appellee sued appellant before a justice and had judgment, and on an appeal to the Circuit Court had a verdict and judgment for $125 damages and $35 attorney's fees, from which latter judgment appellant prosecutes this further appeal. Appellee's proof tended to show that on June 21, 1905, a fire from a passing engine caught in dead grass and dry weeds on the right of way and spread into his meadow west of

the railroad, and destroyed standing timothy grass then about ready to be cut, and destroyed the roots, which would cause a loss of half the crop in 1906 or would make it necessary to replow and reseed the piece and to lose the entire crop of 1906; that on July 16, 1905, a like fire on the right of way spread into appellee's meadow east of the railroad and destroyed hay which had been cut the previous day and was lying on the ground. This fire was extinguished by appellee's wife and daughter.

Appellant introduced proof which it claims tends to show that appellee is barred from recovering for the first fire because of his own negligence, and that the second fire did not arise upon the right of way and was not caused by sparks from a locomotive and that the locomotive which plaintiff's proof tended to show set the second fire was in first-class condition and equipped with standard wire netting to arrest sparks, and that appellee was damaged less than he claimed. Appellant did not offer proof that said engine was in charge of a competent and skillful engineer and was operated in a careful and skillful manner.

Appellant argues that the court erred in giving instructions Nos. 1 and 2 requested by appellee, and in refusing No. 4 requested by appellant.

Appellant filed written reasons relied upon for a new trial, and did not therein ask a new trial on the ground that the verdict was excessive. A party filing such points is confined to the points set out, and is not permitted to rely upon other grounds on appeal. West Chicago St. R. R. Co. v. Krueger, 168 Ill. 586; Odin Coal Co. v. Tadlock, 216 Ill. 624. Therefore appellant cannot now be heard to say that the damages are excessive. But we have examined the proof and find that the estimates given by appellee's witnesses warrant a verdict within $7.45 of the sum fixed by the jury, and those estimates are based upon a yield of two tons to the acre, whereas some witnesses indicated

C., B. & Q. Ry. Co. v. Bautsch.

that the yield might have been higher. The proof warranted the conclusion that it would be necessary to replow and reseed the ground. The condition after the fire when weeds sprang up and covered the ground as described by the witnesses, could be understood by the jury. We find no evidence that the jury were actuated by passion or prejudice, and no reason for disturbing the conclusion of the jury as to the amount of the damages. The parties agreed that, if appellee recovered, the attorney's fees should be fixed at $35.

The claim that appellee was negligent rests upon the examination and cross-examination of appellee and his son. Appellee's house was a mile or more from the railroad. There were trees between his house and the railroad. The meadows were several feet below the grade of the railroad there. Appellee was ill, was under the care of a physician and was unable to sit up all the time. He was sixty-eight years old. He was at his house, and it does not appear that any other member of his family was at home. He saw smoke on the right of way, over a mile distant, and did not go to it, or take steps to put out the fire, or pay any attention to it. He testified he was unable to go. The section men had partially burned over the right of way that spring, and plaintiff could not know but what the section men were then at work burning it further, or that they were where they would watch the fire and keep it under control. Appellee did not know that his field had been burned till that evening, long after the section men had extinguished the fire. We find no proof from which the jury could find that appellee was negligent. Appellee's son was plowing a piece of corn near the railroad, but not at the place where the fire was, for there the meadow came to the railroad. He saw smoke on the right of way. He paid no attention to it. A few minutes later he finished plowing that piece of corn, and left the field, and did not know there had been a fire in his father's land till night. The abstract

does not show that he was his father's agent, or that he was in his father's employ, or even that he lived with his father. For all that appears this may have been his own corn and he may have been working for himself. It is not shown that he told his father what he had seen. But if he was his father's agent there is no proof that he was negligent. The abstract does not show that either appellee or his son knew the fire had left the railroad and passed upon appellee's land. It is not the law that whenever a farmer sees smoke on the right of way by the side of his land, indicating that there is fire upon the right of way, he must go upon the right of way and try to subdue the fire, under the penalty of not being permitted to recover for the damages which may afterwards be inflicted upon him if he should not attend to it and if the fire should afterwards spread to his land. The principles applied in C., C., C. & St. L. Ry. v. Stephens, 173 Ill. 430, are similar and analogous to the rules applicable here. It was held by a divided court in Peter v. C. & W. M. R. R. Co., 121 Mich. 324, and in cases there cited, that the contributory negligence of the land owner is not available as a defense to the railroad company which set out the fire. We do not need to consider or pass upon that principle, for here there is no proof that appellee or his son was negligent. Appellant had section men whose duty it was to patrol the right of way and look after grass, weeds and fires. In the absence of knowledge on the part of appellee or his son that the fire had spread to appellee's land, or that it was likely to do so, they were not called upon to take any action.

Appellee's first and second instructions are drawn in language often approved in such cases by the Supreme Court of this state. The only criticism upon them is that they ignore the question whether appellee was barred from recovery by his negligence or that of his son. As there was no proof which would warrant the jury in finding that appellee or his son was

negligent, there was no error in giving the instructions without such a qualification. Appellant's fourth instruction was imperfect. As drawn it does not correctly state the law. It ignores the fact that there is no proof that plaintiff knew or had reason to know that the fire had gone upon his land or would do so; or rather, it really assumes that he knew the fire had gone upon his land or would do so. It ignores the uncontradicted proof that he was ill and unable to leave the house, and ignores the fact that there is no proof that any one else was at home with him. It invites the jury to assume that he could in some way have anticipated or prevented the fire from burning his grass in June, without any proof to support such an assumption. It was properly refused.

The judgment is affirmed.

*Affirmed.*