### The Galesburg Electric Motor & Power Company v. C. W. Williams.

#### Gen. No. 4,754.

1. MOTION FOR NEW TRIAL—*what waived by written.* A written motion for a new trial specifying the points urged, waives all points not specified.

Action on the case. Appeal from the Circuit Court of Knox County; the Hon. GEORGE W. THOMPSON, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed March 13, 1907.

COOKE & STEVENS, for appellant.

WILLIAMS, LAWRENCE & GREEN, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

This was an action by appellee, C. W. Williams, brought in the Circuit Court of Knox County against the appellant, the Galesburg Electric Motor & Power

Company, a corporation, to recover the value of a horse killed by one of its cars.

The charge in the declaration was, that appellant's servants negligently ran the car upon the horse and destroyed it. There was a plea of not guilty, a trial and verdict of $750 for appellee, a motion for a new trial overruled, judgment entered on the verdict, and this appeal.

It is urged that the court erred in giving appellee's first instruction. It appears from the bill of exceptions, that appellant presented to the trial court a motion in writing for a new trial and in said motion enumerated or specified six separate points or grounds of the motion; and the giving of improper instructions for appellee was not specified as one of the grounds or points included in any such specifications. In I. C. R. R. Co. v. Johnson, 191 Ill. 594, the Supreme Court said: "We have frequently held that under the proper construction of Section 56 of the Practice Act, where a party files a motion in writing for a new trial, specifying therein the grounds or reasons for such motion, he will be restricted in a court of review to the grounds or reasons specified in such written motion, and will be deemed to have waived all other grounds or reasons for a new trial;" which has since been approved in Kehl v. Abram, 210 Ill. 218, and Odin Coal Co. v. Tadlock, 216 Ill. 624. Therefore the ruling of the court in giving appellee's first instruction is not before us. Appellant did include in his reasons for a new trial the action of the trial court in refusing certain instructions asked on its part, but it is not now argued that there was error in their refusal, and that question is waived. This record, therefore, presents no question of law for our consideration.

It is urged that the proof shows that the horse was at large by reason of contributory negligence of the appellee and that the appellant's motorman was not guilty of negligence. The evidence shows that the horse, with about twenty others, was kept in a pasture bordering

600      APPELLATE COURTS OF ILLINOIS.

VOL. 132.]    The Galesburg Elec. M. & P. Co. v. Williams.

on the highway, along which the street car line ran for a few rods only. The pasture was fenced with oak posts set twelve feet apart and four heavy smooth wires, and the evidence tended to show it to be a safe fence, and that with barbed wire it would have been unsafe for horses. On the morning of the accident, a man in the appellee's service for that purpose examined the fences around the pasture, and testified that he found them in good order. A witness who lived directly opposite the pasture testified that this was the only horse he knew to have gotten out of the pasture during the five years he had lived there. The horse was in the pasture in the afternoon, and got out in some way between late in the afternoon and eleven o'clock in the evening, the time of the accident. The evidence did not show that the escape of the horse from the pasture was due to the negligence of appellee, unless the fence was insufficient, and that was a question of fact for the jury upon which there was sufficient evidence to sustain their finding for appellee.

The motorman testified that he saw an object ahead, three or four feet from the rail on the opposite side from the pasture, when a hundred and fifty feet distant, and while he was running not to exceed ten miles per hour. His evidence clearly shows that he could have stopped the car if he had cared to do so. He testified that he did not know whether the object he saw was a horse or a horse and buggy. He thought it to be a horse headed in the same direction the car was going, and therefore not so soon alarmed by the approaching car. He testified he turned off the power immediately, thereby warranting the jury in finding that he saw there was danger in striking the object. He did not reverse the current or apply the brake, but let the car run along until it was within fifty feet of the horse, when it was too late to stop the car. He then sought to stop it, but was unable to do so, and the corner of the car struck the horse and shoved it along twelve or fifteen feet and then went on without stopping.

The horse died soon after the accident.   We are of the opinion that the jury were warranted in finding, as a matter of fact, under the circumstances disclosed by the evidence, that the exercise of due care required the motorman, when he saw there was danger of striking the object, that he should have used the appliances at his command and so regulate the speed of the car as to have had it entirely under control, so that when he got near the horse he could have stopped if he found it necessary.   We see no reason for disturbing the finding of the jury on this question of fact.

Appellee's evidence showed the horse to be worth $1,000 and there was no evidence contradicting it; and the allowance of but $750 by the jury indicates that they were not actuated by passion or prejudice against appellant.   The judgment is, therefore, affirmed.

*Affirmed.*

Mr. Justice THOMPSON, having presided at the trial of this case in the lower court, took no part in its consideration here.